(159 App. Div. 509.)

### WELCH v. WATERBURY CO.

(Supreme Court, Appellate Division, Second Department. December 5, 1913.)

MASTER AND SERVANT (§ 209*)—ASSUMPTION OF RISK.

   A servant cannot, by mere passive acquiescence in existing conditions, be held to assume the risk of injury from unguarded machinery; contracts expressly assuming such risks being contrary to public policy.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 552, 553; Dec. Dig. § 209.*]

   Putnam and Jenks, JJ., dissenting in part.

Appeal from Trial Term, Kings County.

Action by John Welch against the Waterbury Company. From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Charles Capron Marsh, of New York City, for appellant.

Martin T. Manton, of Brooklyn (William H. Griffin, of Brooklyn, on the brief), for respondent.

CARR, J. The plaintiff was injured in 1907, while in the employment of the defendant, by coming in contact with unguarded cogwheels on machinery operated in the defendant's factory. His action to recover damages for his injuries, based upon a claim of negligence

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the part of the defendant, has passed through various stages, there having been three trials, two former appeals to this court and one to the Court of Appeals (136 App. Div. 315, 120 N. Y. Supp. 1059; 144 App. Div. 213, 128 N. Y. Supp. 974; 206 N. Y. 522, 100 N. E. 426). On the last trial a verdict was rendered for the plaintiff. From the judgment entered upon this verdict, and from an order denying a motion for a new trial, this present appeal is taken, thus bringing the case before this court for the third time.

The only considerable ground urged for reversal arises as follows: The plaintiff had been employed in the defendant's factory for a considerable period; he knew the cogwheels were uncovered, and understood the hazard which would come from contact with them while in motion. The defendant requested the trial court to instruct the jury that from such circumstances they might find that the plaintiff had voluntarily "assumed the risk" which arose from the unguarded cogwheels. This request the trial court refused, and an exception was taken. The question of law raised by this exception is not without its perplexity. This action was brought at common law (206 N. Y. 522, 100 N. E. 426), and in this respect it is analogous to Fitzwater v. Warren, 206 N. Y. 355, 90 N. E. 1042, 42 L. R. A. (N. S.) 1229. The question is, How far the doctrine of that case affects the case at bar. In Grady v. National Conduit & Cable Co., 153 App. Div. 401, 405, 138 N. Y. Supp. 549, 552, this court, speaking through Burr, J., considered the effect of the Fitzwater Case in the light of the prior decisions in Kniseley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367, and Gombert v. McKay, 201 N. Y. 27, 94 N. E. 186, 42 L. R. A. (N. S.) 1234, and other similar cases, and it was said:

"If these decisions may not be reconciled, we feel constrained to follow the later decision of the court [Fitzwater v. Warren] and to hold that if the evidence in this case discloses a violation of the statute, even though the plaintiff knew of the existence of such violation and the dangers resulting therefrom, the defendant is deprived of asserting by way of defense that he assumed thus open and obvious risk."

Acting upon this theory of the present condition of law, which may be said to be in a state of transition, as has happened frequently in the history of the development of the common law, this court has very recently affirmed unanimously, but without opinion, a judgment in favor of a plaintiff where precisely the same question was urged on appeal for reversal. Grady v. National Conduit and Cable Co., 144 N. Y. Supp. 690, decided October 31, 1913. We think this court is committed adversely, on this question, to the contention of the appellant. Even if it were an open question here, we think that it should be so held again in this case. To put our views briefly, we agree with Chief Judge Cullen, as he stated in the Fitzwater Case, that a party cannot be held by passive conduct, as shown by the facts in this case, to have made by implication a contract which public policy forbids to be made expressly and intentionally.

The judgment and order are affirmed, with costs.

BURR and STAPLETON, JJ., concur. PUTNAM, J., dissents on the ground that the question of assumption of risk should have been

144 N.Y.S.—44

left to the jury. JENKS, P. J., concurs with PUTNAM, J., also saying: I dissent so far as the opinion indicates, if it does, that the doctrine of the assumption of risk in a common-law action is wiped out by public policy as expressed in any statute of the state in existence when this cause of action arose, namely, January 25, 1907.