### BAKEWELL v. ORFORD COPPER CO.

(Supreme Court, Appellate Division, Second Department. February 20, 1914.)

1. MASTER AND SERVANT (§ 204*)—GUARDING DANGEROUS MACHINERY—NEW JERSEY FACTORY ACT.

Under New Jersey Factory Act (P. L. 1904, p. 156), requiring all machinery to be guarded when practicable, assumption of risk is an available defense.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

2. MASTER AND SERVANT (§ 86*)—ACTION FOR INJURY TO SERVANT—WHAT LAW GOVERNS.

In an action brought in this state for an injury to a servant which occurred in New Jersey, the court is bound to apply the law of New Jersey.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. § 86.*]

Appeal from Trial Term, Richmond County.

Action by George Bakewell against the Orford Copper Company. From a judgment on demurrer for defendant, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

Richard J. Donovan, of New York City (Herbert D. Cohen, of New York City, on the brief), for appellant.

Edward Bruce Hill, of New York City, for respondent.

PUTNAM, J. [1, 2] In August, 1910, plaintiff was an employé of the defendant at its factory and plant at Constable Hook, N. J. The New Jersey Factory Act provides that whenever practicable all

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"vats, pans, saws, planers, cogs, gearing, belting, shafting, set screws, drums and machinery of every description shall be properly guarded." Pamphlet Laws 1904, p. 156; 3 Compiled Stat. N. J. p. 3026.

The plaintiff, aged 20 years, had worked for the defendant in this place for about six weeks. He had been a carpenter's helper, and on the day of the accident was assisting them in putting up wooden forms for a concrete tank. Plaintiff, following one Collins, another laborer, went to the mill to get 2-inch wooden strips. Whether or not Bakewell was told to rip out these strips is disputed. His own version was that Smith, the carpenter in charge, told him, "You better go over and rip them strips." Plaintiff overtook Collins, and went to the ripsaw, which rose about 1½ inches above the table, and taking up one end of a board 12 inches wide, an inch in thickness, and about 16 feet long, proceeded to feed the board into the circular saw. Collins stood opposite, facing the saw, and pulled the sawn ends through. After this board had been thus sawn through four times, on the fifth and final sawing, when plaintiff's end was about a foot from the saw, his left hand touched it, so as to cut off parts of three fingers and lacerate his hand. Plaintiff said that the board jerked suddenly and drew in his hand.

Other testimony was to the effect that plaintiff had been sent after strips, but had not been told to cut them, indeed had been warned not to use this saw at all. The other laborer, Collins, who faced plaintiff at the saw, testified that plaintiff was looking off toward a workman, Najengast, and, as he turned around to shout to him, plaintiff threw his hand up against the saw.

Plaintiff's cause of action, having arisen at a factory in Constable Hook, in the state of New Jersey, depends upon the statutes and decisions of that state. The trial court submitted the issues of defendant's failure to guard the saw, and as to plaintiff's contributory negligence and his assumption of the risk, to the jury, who returned a verdict for the defendant.

Fitzwater v. Warren, 206 N. Y. 355, 99 N. E. 1042, 42 L. R. A. (N. S.) 1229; Welch v. Waterbury, 206 N. Y. 522, 100 N. E. 426; on further appeal, 159 App. Div. 509, 144 N. Y. Supp. 688, coming down subsequent to this trial, move appellant to urge that our declared policy is against an employé assuming the risk of the employer's failure to comply with a public statute. The Court of Errors and Appeals of New Jersey, however, holds that this Factory Act did not take away this defense. Mika v. Passaic Print Works, 76 N. J. Law, 561, 70 Atl. 327; Goodrich v. Cort, 80 N. J. Law, 653, 77 Atl. 1049. An employé in New Jersey may therefore assume the risk from an unguarded saw, so as to raise an available defense. The transitional state through which New York law is passing cannot change our obligation to apply the decisions of the highest court of New Jersey in interpreting the statute of that state, for the purpose of administering a remedy given thereby. Jessup v. Carnegie, 80 N. Y. 441, 36 Am. Rep. 643; Leonard v. Columbia Steam Nav. Co., 84 N. Y. 48, 38 Am. Rep. 491.

The trial court, therefore, rightly applied the law of New Jersey, and the judgment and order must be affirmed, with costs. All concur.