ANDREW CHRISTIENSEN, Respondent, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Appellant.

Second Department, October 26, 1917.

**Master and servant — negligence — injury by unsafe scaffold — charge — assumption of risk by employee.**

Where, in an action against a master to recover for personal injuries, the jury were justified in finding that the master, engaged in altering a ship, furnished the plaintiff, his employee, with an unsafe scaffold, it was not error for the court to refuse to charge in substance that the law which imposes upon an employer the duty of seeing that a scaffold is proper does not take away the defense of the assumption of risk if the jury believe that the plaintiff knew of the condition of the scaffold and could readily have fixed it himself if he believed it necessary and that the jury may find that the employee assumed the risk.

As the statute makes an express prohibition against furnishing an unsafe or improper scaffold, public policy will not permit the master to violate the duty even with the assent of the employee.

PUTNAM, J., dissented, with memorandum.

APPEAL by the defendant, Morse Dry Dock and Repair Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of October, 1916, upon the verdict of a jury for $7,500, and also from orders entered in said clerk's office on the 23d and 24th days of October, 1916, respectively, denying defendant's motions to set aside the verdict and for a new trial made upon the minutes.

*Pierre M. Brown,* for the appellant.

*J. Arthur Hilton* [*David Batt* with him on the brief], for the respondent.

STAPLETON, J.:

The court agrees that unless there was error in refusing a request to charge, the judgment should survive this appeal. The jury could find that an employer, engaged in altering a ship on May 29, 1914, furnished his employee with an unsafe scaffold. The defendant employer's counsel made this request of the court: " I ask your Honor to charge that the law which imposes upon an employer the duty of seeing that the scaffold is proper, does not take away the defense of the assumption of risk, if the jury believe that the plaintiff knew the condition of the scaffold and could readily have fixed it himself, if he believed it necessary, they may hold he assumed the risk, and return their verdict for the defendant." It is conceded that where a statute affirmatively imposes upon an employer a specific duty in express terms, the risk occasioned by the failure of the employer to comply with the statute is not assumed by the employee although he has knowledge of the failure. (*Fitzwater* v. *Warren,* 206 N. Y. 355; *Welch* v. *Waterbury Co.,* Id. 522; 159 App. Div. 509; affd., 217 N. Y. 604.)

The argument that the plaintiff assumed the risk in this case is based upon an over-subtle distinction. It is the supposed difference between the affirmative duty to guard

machinery (Labor Law [Consol. Laws, chap. 31; Laws of 1909, chap. 36], § 81, as amd. by Laws of 1913, chap. 286) and the express prohibition against furnishing unsafe or improper scaffolding. (Labor Law, § 18, as amd. by Laws of 1911, chap. 693.) Public policy is against permitting the master to violate either statutory duty with impunity, even with the assent of the employee. In *Wiley* v. *Solvay Process Co.* (215 N. Y. 584) the employer's failure involved was not a violation of a statutory duty expressed either in terms of command or of prohibition.

I advise affirmance of the judgment and orders, with costs.

THOMAS, MILLS and BLACKMAR, JJ., concurred; PUTNAM, J., read for reversal.

PUTNAM, J. (dissenting):

I dissent and vote to reverse for error in the charge that plaintiff assumes only those risks incident to his employment remaining after the employer has performed the duty imposed upon him. That the employee may assume obvious risks in a scaffold, which is a question of fact, was held in *Gombert* v. *McKay* (201 N. Y. 27), a principle declared to be still applicable in common-law actions in New York. (*Wiley* v. *Solvay Process Co.*, 215 N. Y. 584, in which *Gombert* v. *McKay* is cited with approval.)

Judgment and orders affirmed, with costs.