Ethel Stern, as Administratrix, etc., of Sam Stern, Deceased, Appellant, *v.* Great Island Corporation, Respondent.

First Department, February 26, 1937.

*Jacob J. Ginsberg*, for the appellant.

*Daniel Mungall* of counsel [*Edwin C. Markel* with him on the brief], for the respondent.

Untermyer, J. The action is to recover for the wrongful death of plaintiff's intestate, a window cleaner, who, it is alleged, was killed by falling from a window on the defendant's premises. The complaint does not proceed upon any theory of negligence, but charges that the defendant failed to provide the safety devices required by section 202 of the Labor Law and specified by rules of the Industrial Board. It is further alleged that " because of the violation by the defendant of the provisions of the statutes, Code and Rules above enumerated," plaintiff's intestate fell and was killed. The defendant interposed the defense of contributory negligence on the part of plaintiff's intestate, which the Special Term declined to strike out as insufficient in law.

The Labor Law (§ 202) provides: " Protection of persons engaged at window cleaning. The owner, lessee, agent, manager or superintendent in charge of a public building shall not require nor permit any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner. Each contractor cleaning windows shall furnish and provide equipment required by this chapter and rules of the industrial board. A person engaged at cleaning windows of a public building from the outside shall use the safety devices provided for his protection."

In a suit upon a cause of action thus created by statute in favor of a person within the protected class, the plaintiff's right to recover does not depend upon any negligence of the defendant (*Amberg* v. *Kinley*, 214 N. Y. 531), but rests upon a breach of statutory duty, to the plaintiff's injury. (*Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287.) Where the ordinance or statute undertakes merely to prescribe a safeguard to be observed in the exercise of ordinary care for the general protection of the public, a different rule applies. Non-compliance then is either *prima facie* or conclusive evidence of negligence. (*Martin* v. *Herzog*, 228 N. Y. 164.) " Where a statutory duty is imposed upon one for the direct benefit or protection of another and the latter is damaged because this duty is not performed a cause of action arises in his favor based upon the statute (*Amberg* v. *Kinley*, 214 N. Y. 531), but no one not included in the class so directly to be benefited may complain because the statute is not complied with. (*Lang* v. *N. Y. Central R. R. Co.*, 227 N. Y. 507). * * * On the other hand, a statute or a city ordinance may be general in its character and may define the degree of care which one shall exercise in his calling or occupation. Failure to use such care is evidence more or less conclusive of negligence as to every one. Again, a particular statute may have both ends in view. (*Kelley* v. *N. Y. State Railways*, 207 N. Y. 342.) When this is so, he who is to be particularly protected has a cause of action because the statute is violated to his injury. Others, one based on negligence." (*DiCaprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94.)

Since the plaintiff's cause of action does not rest on negligence, contributory negligence does not constitute a defense. Indeed, the very purpose of the statute was to protect plaintiff's intestate and others in like position from the consequences of their own negligence. It would be strange, therefore, if the same negligence could defeat the operation of the statute. (*Karpeles* v. *Heine*, 227 N. Y. 74; *Corwin* v. *N. Y. & Erie R. R. Co.*, 13 id. 42.) Of course, it is not sufficient that the defendant violated the statute and that plaintiff's intestate was injured. The breach of duty must have

been the proximate cause of the injury and so it is alleged in the complaint.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.