JACOB TELLER, Respondent, v. PROSPECT HEIGHTS HOSPITAL, Appellant.*

Second Department, December 9, 1938.

*Eugene T. O'Neill* [*James E. Turner* with him on the brief], for the appellant.

*Jacob D. Fuchsberg*, for the respondent.

LAZANSKY, P. J. If the rule has not been clearly and finally established, there has been, at least, a strong tendency by the courts to hold that an employee does not assume the risk where the employer or owner fails to provide protective appliances for the benefit of the employee, as required by the Labor Law. This court has definitely held that an obvious risk is not assumed. (*Grady* v. *National Conduit & Cable Co.*, 153 App. Div. 401; *Welch* v. *Waterbury Co.*, 159 id. 509; *Christiensen* v. *Morse Dry*

*Affg. 168 Misc. 907.

*Dock & Repair Co.*, 179 id. 825.) The *Welch* case, which squarely raised the question, was affirmed without opinion by the Court of Appeals (217 N. Y. 604).

One who stands between a necessitous urge to retain his position and the employer's or owner's failure to comply with the law should not be required to share the fault of the employer or owner. A contrary view would seem to be against a well-recognized public policy. On this basis the motion to strike the defense of assumption of risk from the answer would readily be granted were it not for a legislative enactment of 1937, the purpose of which it is difficult to understand.

By chapter 605 of the Laws of 1930 the Labor Law was amended by adding section 202:

" Protection of persons engaged at window cleaning. The owner, lessee, agent, manager or superintendent in charge of a public building shall not require nor permit any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner. *A person engaged at cleaning windows of a public building from the outside shall use the safety devices provided for his protection.*"

By chapter 84 of the Laws of 1937 the part italicized, which was merely directory, was changed to read as follows: " No person shall clean any window of a public building from the outside unless the equipment and safety devices required by this chapter and the rules of the Industrial Board are provided for his protection and used by him while engaged at cleaning such window."

Strict construction would require a holding that the later provision is mandatory and, therefore, under it the employee assumes the risk.

Nothing indicating a reason for this radical change has been disclosed. To hold now that the employee assumes the risk would be contrary to the spirit of legislative enactments for the last quarter of a century, and against the trend of judicial determination already mentioned.

Despite the language used, it is my opinion that it was not intended by the Legislature to cast the burden of the risk on the employee, but that the later provision was meant to be, as was the former, directory and not mandatory.

No question is here raised as to the third defense.

The order should be affirmed, with ten dollars costs and disbursements.

HAGARTY and CARSWELL, JJ., concur; DAVIS, J., with whom ADEL, J., concurs, dissents, with memorandum, and votes to modify the order so as to provide that the motion as to the second defense be denied.

DAVIS, J. (dissenting). The defense of assumption of risk is pleaded in general terms. It is assumed that it is based on the amendment of section 202 of the Labor Law in 1937. Whether it is so based or not, I think it may not be said, in this motion on the pleadings, that such defense is not valid. The amendment adopted by the Legislature may not be entirely ignored. It represented some legislative purpose. Nor may it be positively asserted that a breach of statutory duty, followed by injury, presents for trial only the question of the measurement of damage. Proof of the breach and injury may make a *prima facie* case of liability, but it does not preclude the interposition of defenses to show that the breach was not the proximate cause of injury. The question of ultimate liability should await proof on the trial.

ADEL, J., concurs.

Order affirmed, with ten dollars costs and disbursements.