· ELNA V. NELSON and J. EDWARD NELSON, Respondents, v. THOMAS E. MURRAY, JR., as Receiver of INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.— Motion for leave to appeal to the Court of Appeals and for a stay denied. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

EDMUND E. RINGS, Appellant, v. HOWARD COOPER, Individually and as Executor, etc., of THOMAS J. COOPER, Deceased, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

EUGENE J. SHIELDS, Respondent, v. CHILTON COMPANY, Also Known as CHILTON COMPANY, INC., Appellant.— Motion for resettlement of order and amendment of decision and for reargument denied, with ten dollars costs. [See 255 App. Div. 985.] Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

JACOB TELLER, Respondent, v. PROSPECT HEIGHTS HOSPITAL, Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. [See 255 App. Div. 488; Id. 981.] The following question is certified: " Is the second defense pleaded in the answer sufficient in law?" Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

TERMINAL SHOE REPAIR CORP., Appellant, v. THE ÆTNA CASUALTY AND SURETY COMPANY, Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs, on the grounds (1) the application was not made within one month from the denial by the Appellate Term of leave to appeal (Rule XXVI, Appellate Division, Second Department), and (2) on the merits. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

In the Matter of the Application of COLLINS HAMBLEN, and LENORE F. PALM, as Trustee for ETHEL STEERS, Respondents, for a Mandamus Order against GEORGE V. BRIANTE, Building Inspector of the Town of Eastchester, Westchester County, State of New York, Appellant.— Final order of the Special Term, Westchester county, directing the appellant building inspector of the town of Eastchester to issue a permit to respondents for the erection of a gasoline filling station on their land on the ground that the town ordinance is invalid and ineffective as to respondents, etc., reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Findings of fact and conclusions of law inconsistent herewith are reversed. We find that the evidence does not establish that the only beneficial use of respondents' land is as a gasoline filling station, but shows that there are conforming uses available. The evidence establishes that the ordinance, which prohibits the erection of gasoline filling stations in the Business " A " District, is a reasonable exercise of the police power, directly related to the public safety, health and welfare. Hagarty, Carswell, Adel and Taylor, JJ., concur; Close, J., not voting. Settle order on notice.