ANNA HOMIN, as Administratrix, etc., of CHARLES HOMIN, Deceased, Appellant, *v.* CLEVELAND & WHITEHILL CORPORATION, Respondent.

Second Department, January 30, 1939.

*Henry Hirschberg* [*Daniel Becker* with him on the brief], for the appellant.

*Elbert N. Oakes,* for the respondent.

CARSWELL, J. On August 20, 1936, Charles Homin fell from the outside sill of a window of a building *owned* by the defendant and used as a factory. He was engaged, under an agreement with a corporate tenant, in washing its windows.

Homin brought an action against the owner for personal injuries. He died shortly thereafter and his administratrix brought a second action for wrongful death. The two actions were consolidated. On the trial the defendant rested on plaintiff's proof. Decision on the motion to dismiss was reserved. Plaintiff had verdicts from the jury on both causes of action. The court, without setting the verdicts aside, decided the reserved motion and dismissed the complaint. From the order and judgment entered thereon plaintiff appeals.

The building was erected in 1882, with an addition in 1920. Despite statutes enacted meanwhile, the owner never had any anchors or the like affixed to the window frames. The entire building was devoted to manufacturing purposes and rented to various tenants. The owner furnished heat for the building and power for the elevator used by all tenants. The lease with the tenant from the outside of whose window Homin fell contained a provision reserving to the owner a right to re-enter to examine the premises or to make such repairs as the owner thought requisite. Apart from the foregoing, the owner retained no control of the premises, although, as a matter of courtesy, it seems to have had desk room in the premises of a tenant.

The proof established that the rules of the Industrial Board, made pursuant to section 202 of the Labor Law, required a device known as an anchor to be installed on the side frames of the windows of a public building. It was conceded that a factory is a " public building."

The owner contends that there was no proof that it either *required or permitted* any window in the building to be cleaned from the outside, that such proof was necessary to fasten liability on an owner, and that liability only attaches to one in possession. It points out that the window being cleaned was part of premises leased to a tenant who, if anybody did, presumably required or permitted the window to be cleaned from the outside.

Whether the proof was sufficient *prima facie* to establish liability is to be determined by section 202 of the Labor Law as it existed in 1936. (Laws of 1934, chap. 139.) That section is headed: " Protection of persons engaged at window cleaning." There follows an enumeration of those (five in number) charged in the disjunctive with the duties set out in the section. It provides: " The owner, lessee, agent, manager or superintendent in charge of a public building shall not *require nor permit* any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner." It further provides that contractors cleaning windows shall furnish equipment required by the Industrial Board, that persons engaged shall use the safety devices provided, and that the Industrial Board may make supplemental rules designating approved types and strength of safety devices.

(1) The basis of liability here is not negligence. It is a breach of a statutory duty (*Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287; *Stern* v. *Great Island Corp.*, 250 App. Div. 115), although such an imposed statutory duty has been said to be a sort of negligence *per se*. (1 Street, Foundations of Legal Liability, p. 172.)

The duty here imposed upon an owner does not hinge upon possession. If the Legislature intended possession to be the sole touchstone of liability it would have used one word, " person," and said " a person in possession or in charge of a public building." A " person " would comprehend every one in possession, including a corporation. (Gen. Constr. Law, § 37.) It, however, did not so limit liability. Instead, to express its intent, the Legislature severally invoked three independent elements as bases of concurrent liability, to wit, ownership, possession and control. It named five types of persons, each with a status within one or more of these basic elements of liability. The duty imposed upon those named is *several*. The class of individuals to be protected is stated with precision. Compliance with the statute can be had independently of possession of the interior of this building. Anchors can be affixed to the window frames from the outside and to do so access to the inside is not indispensable. The outside of the building and control thereof was not demised to any one. Compliance with the statute so far as affixing anchors on the window frames concerns a structural requirement, the furnishing of which normally rests upon an owner. The statute is to be given a liberal construction (*Torgersen* v. *Hutton*, 243 App. Div. 31, 32) to effect its purpose, that of protecting window cleaners at all hazards, even against themselves. It is to be interpreted so that its virility is not sapped

and so that its objective may be attained. This requires that it be construed so that as to an owner of a public building the command of the statute is inexorable; and an owner of such a building at his peril has the windows thereof unequipped with safety devices, unless on no reasonable view can it be said that the windows are likely to be cleaned from the outside.

Where a statute requires the doing of an act, the failure to do which really results in a defect in respect of structure, an owner is properly held liable, since he is primarily responsible for the character of the structure of a building. When this building, erected in 1882, was required by the statute to be made structurally more safe to use, the failure of the owner to obey the statute and supply the structural requisite properly subjected it to liability. The failure of duty by an owner under such circumstances " requires " the cleaning of windows from the outside without statutory safeguards. The compulsion is a consequence of the owner's act of omission which, in the language of the statute, " permits " and, indeed, " requires " the window to be cleaned in disregard of the statute. The man doing the work, for whose benefit the statute was enacted, being, perhaps, a necessitous man and, therefore, not economically a free man, is " required " to clean the window without the statutory safeguards or forego employment.

The trend of the cases under this section reveals that this is not an extreme view of its scope. (*Kindga* v. *Noyes Co., Inc.*, 260 N. Y. 521; *Novitz* v. *Maine*, 273 id. 573.) The section imposed a non-delegable duty upon this owner to have the windows of its factory building equipped with safety devices for the protection of window cleaners where the windows are of such a type that they are likely to be cleaned from the outside. These windows, in fact, were being so cleaned. A statutory duty to this extent was charged by the trial court in *Schumer* v. *Caplin* (241 N. Y. 346). The judgment there for the plaintiff was reversed for error in the charge. The part which related to non-delegable duty, although the subject of exception, was not criticized; hence recognized to be correct. A less important part of the charge was held to be erroneous. When that case was tried the Industrial Commission rule provided for liability in the conjunctive. When the rule was enacted as a statute " or " was substituted for " and." The change, however, merely provided more distinctly for *several* liability and made more rather than less certain the liability of an owner. This change also effected conformity to section 315 of the Labor Law defining " owner."

Defendant argues that as section 202 of the Labor Law is not enumerated in section 316 thereof, an owner of a factory out of

possession is not liable. This is a *non sequitur*. Section 316 provides that " except as in this *article* otherwise provided," the owner or a lessee of a factory shall be responsible for the observance of the provisions of article 11 of the Labor Law relating to " factories," notwithstanding any agreement to the contrary. It is further provided in subdivision 2 thereof that an owner shall be responsible regardless of whether tenants shall also be responsible for compliance with specified provisions contained in certain enumerated sections. In this enumeration no mention is made of section 202. An examination, however, of the enumerated sections discloses that there is no mention in them of those responsible for the observance required by them. They are in this respect wholly dissimilar to section 202. In the enumerated sections the only exceptions to the foregoing are sections 279 and 280 of the Labor Law, providing for fire alarm systems and automatic sprinklers in factory buildings. In the body of those sections it is specifically stated that an owner must install them. As to these two latter sections, therefore, the enumeration is a mere redundancy so far as concerns fastening liability upon the owner. The enumeration of the other sections is necessary because without that mention it would not be clear who is to be responsible for the observance of them. However, in section 202, those responsible for its observance are stated so that no need existed for mentioning section 202 in section 316. The enumeration of various sections in section 316, therefore, has no significance so far as concerns the meaning which may properly attach to section 202.

(2) The defendant owner says it was not " in charge of " the building because it had parted with possession of the entire building by leasing the several parts thereof. In a kindred situation the lack of possession or control has been held not to be conclusive where the one injured was a member of the public, such as a passerby on a street. (*Appel* v. *Muller*, 262 N. Y. 278, 280.)

Assuming, without deciding, that possession by an owner is a prerequisite to liability under the statute, this record is not without proof of such possession. Possession and control of the exterior of the building was retained by the owner. The lease with the tenant whose window was involved contained a provision reserving to the owner the right to re-enter to examine the premises or make such repairs as the owner thought necessary. The owner had access to the building for the purpose of furnishing heat and also power for the elevator used by all the tenants. This degree of possession was adequate to enable the owner, without let or hindrance, to discharge the duty imposed upon it by section 202. This view also assumes, without deciding, that the phrase " in charge of a

public building " modifies and relates to the word " owner " as well as to " manager or superintendent."

The order granting the reserved motion of the defendant to dismiss the complaint and the judgment entered thereon should be reversed on the law, with costs, the motion denied, and judgment in favor of plaintiff directed to be entered on the verdicts of the jury, with costs.

LAZANSKY, P. J., JOHNSTON, ADEL and CLOSE, JJ., concur.

Order granting the reserved motion of the defendant to dismiss the complaint and the judgment entered thereon reversed on the law, with costs, the motion denied, and judgment in favor of plaintiff directed to be entered on the verdicts of the jury, with costs.