JACOB TELLER, Respondent, *v.* PROSPECT HEIGHTS HOS-
PITAL, Appellant.

Argued April 3, 1939; decided May 31, 1939.

*Eugene T. O' Neill* and *James E. Turner* for appellant. The complaint, which is predicated upon a breach of statutory duty, fails to state facts sufficient to constitute a cause of action since the only violation alleged is of a rule of the Industrial Code or of the Industrial Board. Violation of such a rule cannot form the basis for a statutory cause of action. (*New Amsterdam Casualty Co.* v. *National Union Fire Ins. Co.*, 236 App. Div. 494; *Small* v. *Sullivan*, 245 N. Y. 343; *Baxter* v. *McDonnell*, 154 N. Y. 432; *United States* v. *Grimaud*, 220 U. S. 506; *Schumer* v. *Caplin*, 241 N. Y. 346; *Johnson* v. *Certain-Teed Products Corp.*, 273 N. Y. 678; *Martin* v. *Herzog*, 228 N. Y. 164; *Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345; *Kiszkiss* v. *Willsea Works*, 249 App. Div. 705; *Laviera* v. *Pfaudler*, 249 App. Div. 924; *Moccia* v. *Pfaudler*, 251 App. Div. 796.)

*Jacob D. Fuchsberg* and *Henry E. Cohen* for respondent. The allegations of the complaint setting forth the violation of both section 202 of the Labor Law (Cons. Laws, ch. 31) and the rules of the Industrial Board pursuant thereto state a good cause of action under the statute. (*Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287; *Novitz* v. *Maine*, 273 N. Y. 573; *Stern* v. *Great Island Corp.*, 250 App. Div. 115; *Griebsch* v. *Babitt, Inc.*, 164 Misc. Rep. 70.)

RIPPEY, J. Plaintiff has brought this action against defendant, who was the owner in possession and in charge of the maintenance, operation and control of the building and premises located at 440 St. John's place, Brooklyn, N. Y., to recover damages for injuries which plaintiff claims he sustained on November 22, 1937, when, as he asserts, he fell from one of the windows of the building while being required or permitted by defendant to wash or clean the window from the outside. The accident, plaintiff says,

was due *solely* to violation by defendant of its duty, " in accordance with the provisions of the Labor Laws of the State of New York, the Industrial Code and the Rules of the Industrial Board of the State of New York, to provide anchors attached to the side frames of the windows or to the building at a point not less than forty-six inches nor more than fifty-one inches above the window sill, as a means to enable the windows of the said building to be cleaned from the outside in a safe manner." Plaintiff was not an employee of defendant. Defendant pleaded as a second separate defense that the risks of the work were assumed by plaintiff. On motion at Special Term by plaintiff, made under subdivision 6 of rule 109 of the Rules of Civil Practice, the defense was stricken out. The Appellate Division affirmed by a divided court, granted leave to appeal to this court and certified to us the question: " Is the second defense pleaded in the answer sufficient in law? "

The appellant asserts that the complaint is insufficient as matter of law in that it fails to state a cause of action. Our decision is confined to the question certified, but, in answering that question, we must determine before proceeding further as to whether the complaint states a good cause of action (*Salimoff & Co.* v. *Standard Oil Co.*, 237 App. Div. 686; affd., 262 N. Y. 220; *Baxter* v. *McDonnell*, 154 N. Y. 432; *Emery* v. *Rochester Telephone Corp.*, 271 N. Y. 306), although the question is first raised in this court (*Small* v. *Sullivan*, 245 N. Y. 343).

The only provision of the Labor Law (Cons. Laws, ch. 31) which has been called to our attention as pertinent is section 202 which, as of the date when the accident occurred, read as follows: " Protection of persons engaged at window cleaning. On every public building where the windows are cleaned from the outside, the owner, lessee, agent, manager or superintendent in charge of such building shall provide, equip and maintain approved safety devices on all windows of such building. The owner, lessee, agent, manager or superintendent in charge of any such public building shall not require, permit, suffer or allow any window in such

building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner in conformity with the requirements of this chapter and the rules of the industrial board. Every employer or contractor shall require his employee while engaged in cleaning any window of a public building from the outside, to use the equipment and safety devices required by this chapter and the rules of the industrial board. No person shall clean any window of a public building from the outside unless the equipment and safety devices required by this chapter and the rules of the industrial board are provided for his protection and used by him while engaged at cleaning such window."

We think the complaint cannot be so construed as to permit the cause of action to depend upon the statute alone. The allegation of violation of duty is exclusively limited to the failure of the defendant " to provide anchors attached to the side frames of the windows or to the building at a point not less than forty-six inches nor more than fifty-one inches above the window sill, as a means to enable the windows of the said building to be cleaned from the outside in a safe manner." The statute does not in terms provide that anchors shall be attached to the windows of the building nor does it provide any particular device or contrivance that shall be provided to make it safe for the window washer to clean the window from the outside. We are required to look to the Industrial Code, the provisions of which, incidentally, are not specifically referred to or pleaded as is required by a pleader in a good complaint, to learn what rules of the Industrial Board are applicable, what means have been required by the rules of the Industrial Board to be furnished and what devices have been or may be approved for the safety of the person cleaning windows. The rules relating to window cleaning (Industrial Code, Bulletin No. 21), effective April 1, 1933, adopted and approved in accordance with the provisions of sections 27–29 of the Labor Law, provide for safety equipment for window cleaners consisting of (1) ladders, (2) sectional ladders, (3) swinging scaffolds,

(4) boatswains' chairs, and (5) belts, terminals and anchors, when approved by the Industrial Board, and other devices and methods of cleaning in use prior to the adoption of those rules and not specified therein when approved by the Industrial Commissioner, any one of which means may be sufficient and appropriate, and require the window cleaner to use such safety devices as above specified as may be provided for his protection. In the event that any " practical difficulties or unnecessary hardship " should result in a particular case in the enforcement of any of such provisions, " the board may make a variation from such requirements if the spirit of the provision or rule shall be observed and public safety secured " (Labor Law, § 30), or may amend the provision, rule or order if it is invalid or unreasonable (§ 110). There is no allegation in the complaint that no safety device whatever within the requirements of the statute and of the Industrial Code was provided for the plaintiff's use. Plaintiff alleges merely that one of numerous safety devices specified in the Industrial Code was not provided. Section 202 leaves it to the Industrial Board to provide details of equipment, any one of several classes of which, if sufficient and appropriate and approved by the designated officials, would relieve the defendant from liability.

Recovery must be based alone upon an actionable wrong whether the violation of the statute is alleged or the violation of a rule or regulation of the Industrial Board is asserted and the cause of action is grounded in negligence (*Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N. Y. 287). There is no allegation of negligence in the complaint. Had the cause of action been based on negligence, violation of a statute might constitute negligence as a matter of law. (*Amberg* v. *Kinley*, 214 N. Y. 531, 535; *Martin* v. *Herzog*, 228 N. Y. 164; *Schmidt* v. *Merchants Despatch Transportation Co.*, *supra*.) Violation of a rule of the Industrial Board, however, constitutes merely some evidence which the jury may consider on the question of defendant's negligence, along with other evidence in the case which bears on that

subject (*Schumer* v. *Caplin,* 241 N. Y. 346; *Carlock* v. *Westchester Lighting Co.,* 268 N. Y. 345, 349).

Having concluded that the complaint fails to state a good cause of action, we cannot consider the sufficiency of the answer, and the answer, even though it were bad, is sufficient for a bad complaint (*Baxter* v. *McDonnell, supra,* p. 437).

The orders should be reversed and the motion to strike out the second affirmative defense denied, with costs to the appellant in all courts. The question certified is answered in the affirmative.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.