## OSBORNE v. SALVATION ARMY.

### No. 32.

Circuit Court of Appeals, Second Circuit.

Nov. 13, 1939.

were furnished with board and lodging. The men were not required to pay anything but were required to perform work that might be assigned to them in the nature of housecleaning in the building in which they were living. The purpose of this is said to have been "to maintain the morale, self-reliance and self-respect of the men" and to enable the defendant to distribute its "charity over the largest possible area and take care of the largest number" (fol. 261).

On October 28, 1927, the plaintiff, being out of work, applied for admission to the Home and was given board and lodging. The next day, October 29, he was assigned to the job of washing four windows on the second floor of the building. He proceeded to undertake this work, for which he appears to have lacked experience, and while standing on the window-sill outside of one of the windows, which faced the street, fell to the sidewalk and sustained injuries. In the course of the trial he testified that he was obliged to raise the window from the bottom in order to wash the lower half and that it stuck as he lifted it up and caused him to lose his balance and fall. It appeared without contradiction that he was given no safety belt for use in this work and that there were no hooks attached to the building or other safety devices to prevent window-cleaners from falling. He brought this action against The Salvation Army to recover damages said to have resulted from the failure of the defendant to comply with the statutory duty to have the window equipped with safety appliances and the plaintiff supplied with a safety appliance and safety belt to prevent his fall. The action was tried to a jury. From a judgment entered on a verdict for the defendant the plaintiff has appealed. We hold that the judgment should be reversed.

The statute relied on to sustain plaintiff's cause of action is Section 202 of the Labor Law of the State of New York (Consol.Laws, c. 31), as amended in 1937 (chapter 84, § 2), which reads as follows:

"§ 202. *Protection of persons engaged at window cleaning.* On every public building where the windows are cleaned from the outside, the owner, lessee, agent, manager or superintendent in charge of such building shall provide, equip and maintain approved safety devices on all windows of such building. The owner, lessee, agent, manager or superintendent in charge of any such public building shall

Sidney Schiffman, of New York City (Arthur Hutter, of New York City, of counsel), for plaintiff-appellant.

Cadwalader, Wickersham & Taft, of New York City (Walbridge S. Taft, Jacquelin A. Swords, and Donald H. Larmee, all of New York City, of counsel), for defendant-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

In October, 1937, the defendant, The Salvation Army, was the owner of a building at 535 West 48th Street, in New York City, and there conducted a home for unemployed and destitute men where they

not require, permit, suffer or allow any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner in conformity with the requirements of this chapter and the rules of the industrial board. Every employer or contractor shall require his employee while engaged in cleaning any window of a public building from the outside, to use the equipment and safety devices required by this chapter and the rules of the industrial board. No person shall clean any window of a public building from the outside unless the equipment and safety devices required by this chapter and the rules of the industrial board are provided for his protection and used by him while engaged at cleaning such window.

"The industrial board may make rules supplemental to this section by designating safety devices of an approved type and strength to be installed on public buildings or to be worn by window cleaners or both, but the absence of any such rules shall not relieve any person from the responsibility placed upon him by this section."

It is not disputed that the building in which the plaintiff worked was a "public building" as that term is defined in the New York Labor Law and used in Section 202 above quoted, nor is it questioned that there was an absence of any safety appliances for the protection of the plaintiff.

The defenses relied on are: (1) that the plaintiff was not an employee of the defendant, but a mere recipient of its bounty and therefore was not one of the class to which the statute afforded protection, (2) that he assumed the obvious risks incident to his employment and likewise was guilty of contributory negligence.

 In respect to the first defense, there is much reason for saying that a man who was given board and lodging upon the understanding that he would do work about the building, which might be assigned to him, was "working for another for hire" and hence when he performed services for the defendant became an employee, as defined by Section 2(5) of the Labor Law. But the statute would seem to apply even if he was not "working for hire."

Section 202 provides that: "On every public building where the windows are cleaned from the outside, the owner * * * shall provide, equip and maintain approved safety devices on all win-

dows of such building." It goes on to say that: "The owner * * * shall not require, permit, suffer or allow any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner" and concludes with the provision that: "No person shall clean any window of a public building from the outside unless the equipment and safety devices required * * * are provided for his protection and used by him while engaged at cleaning such window." In spite of the fact that the Labor Act in general deals with matters arising out of the relation of master and servant, Section 202 in terms embraces all window-cleaners, whether employees of the "owner, lessee, agent, manager or superintendent" in charge of a building or not and has not been construed by the courts as limited to employees of the person charged with liability but has been treated as covering any person cleaning windows of a public building from the outside. Teller v. Prospect Heights Hospital, 280 N.Y. 456, 458, 21 N.E.2d 504; Homin v. Cleveland ,& Whitehill Corp., 256 App. Div. 187, 9 N.Y.S.2d 454; See also Karpeles v. Heine, 227 N.Y. 74, 124 N.E. 101, where a similar point was involved in construing another section of the Labor Law. Moreover, it seems quite unlikely that a laborer, even if not technically hired to clean windows, should not have the protection of safety devices, when we consider the purposes and broad language of the statute. We think that the plaintiff was within the class for whose protection Section 202 of the Labor Law was enacted and was entitled to a verdict in his favor unless the defendant had a defense of assumption of risk or contributory negligence. The better reasoned decisions have held that assumption of risk and contributory negligence, which the trial judge allowed to go to the jury, are not valid defenses in cases where the violation of a statute enacted for the benefit of a class of which the plaintiff is a member is involved. If the plaintiff's injuries arose from the violation, defendant's liability was absolute irrespective of any proof of negligence. Schmidt v. Merchants Despatch Trans. Co., 270 N.Y. 287, 304, 306, 200 N.E. 824, 104 A.L.R. 450; Kindga v. Charles F. Noyes Co., Inc., 260 N.Y. 521, 184 N.E. 76; Karpeles v. Heine, 227 N.Y. 74, 79, 124 N.E. 101; Amberg v. Kinley, 214 N. Y. 531, 535, 108 N.E. 830, L.R.A.1915E, 519; Fitzwater v. Warren, 206 N.Y. 355,

99 N.E. 1042, 42 L.R.A.,N.S., 1229; Watkins v. Naval Colliery Co., (1912) A.C. 693, 703.

■ It is the general rule that a plaintiff may not waive a statute enacted for his protection and that he cannot do so because of assumption of risk is clear. To bar recovery in an action brought under the statute because the plaintiff's acts contributed to his injuries would seem to render its enforcement entirely ineffective. There is no practical difference in such cases between the defense of assumption of risk and that of contributory negligence. Such is the effect of the decisions of the New York Courts in Teller v. Prospect Heights Hospital, 255 App.Div. 488, 8 N.Y.S.2d 274, and Stern v. Great Island Corporation, 250 App.Div. 115, 293 N.Y.S. 608. The reversal of Teller v. Prospect Heights Hospital by the Court of Appeals, 280 N.Y. 456, 21 N.E.2d 504, was upon another point. In Grady v. National Conduit & Cable Co., 153 App.Div. 401, 138 N.Y.S. 549, the Appellate Division reached a similar conclusion, when passing upon a section of the Labor Law prohibiting the use of unsafe scaffolding. See also Christensen v. Morse Dry Dock & Repair Co., 179 App. Div. 825, 167 N.Y.S. 57, and Welch v. Waterbury Co., 159 App.Div. 509, 144 N.Y.S. 688, to the same effect.

In Fitzwater v. Warren, 206 N.Y. 355, 99 N.E. 1042, 42 L.R.A.,N.S., 1229, Judge Cullin, writing for the majority of the court, held that public policy precluded an employee from assuming a risk created by a section of the Labor Law which required set screws to be guarded.

In Amberg v. Kinley, 214 N.Y. 531, 108 N.E. 830, L.R.A.1915E, 519, the defendant neglected to provide fire escapes on a factory building, as required by the Labor Law, whereby the plaintiff's intestate lost his life. The court had charged the jury that they should find a verdict for the plaintiff if they found the accident was due to failure to provide a fire escape, unless the negligence of the decedent contributed to the accident. The validity of the defense of contributory negligence played no part on the appeal. Though the judgment was for the plaintiff, the defendant was only complaining of a charge that when the statute was violated proof of negligence was unnecessary. The appeal was disposed of in the plaintiff's favor without regard to the question of contributory negligence.

In Karpeles v. Heine, 227 N.Y. 74, 124 N.E. 101, a child suffered injuries while operating an elevator in violation of Section 93 of the Labor Law forbidding the employment of such infants in running elevators. The court held that contributory negligence was not a defense to the action and certain prior decisions were distinguished on the ground that the employment of infants to run elevators was prohibited under all circumstances. How it could have made any difference whether the plaintiff belonged to a class which was never permitted to run elevators, or to one that was not permitted to do so unless supplied with safety devices, is hard to see.

In Maleeny v. Standard Shipbuilding Corp., 237 N.Y. 250, 142 N.E. 602, where proper scaffolds required by the law had not been furnished, the question of whether contributory negligence was a defense was not discussed. It undoubtedly was assumed by both sides that contributory negligence would be a defense. The controversy was over whether the common law rule applied, which would completely bar recovery if contributory negligence was established, or the maritime rule of comparative negligence.

The decision in Schumer v. Caplin, 241 N.Y. 346, 150 N.E. 139, is also relied on by the defendant, but we cannot see that it has the least bearing on the present issues.

In Novitz v. Maine, 273 N.Y. 573, 7 N.E.2d 698, a workman who was permitted to clean windows without safety appliances fell to the ground and suffered injuries. He elected to try his suit for damages as a common law action under Section 11 of the Workmen's Compensation Law (Consol.Laws, c. 67) and recovered judgment. The defendant was not permitted to go to the jury on the question of contributory knowledge or assumption of risk and the Court of Appeals affirmed a judgment for the plaintiff. It reached this decision because the defendant had waived those defenses by asking to go to the jury under Section 11. Accordingly the right to establish assumption of risk or contributory negligence as defenses to an action under Section 202 was not passed on.

In view of the foregoing we cannot say that the Court of Appeals has decided whether contributory negligence is a defense to an action brought under Section 202 of the Labor Act. The Appellate Division of the New York Supreme Court,

First Department, flatly denied such a defense in Stern v. Great Island Corp., 250 App.Div. 115, 293 N.Y.S. 608, and Teller v. Prospect Heights Hospital, 255 App.Div. 488, 8 N.Y.S.2d 274, decided by the Second Department, and certain other cases we have cited from that court are to the same effect. Those decisions and the decision of the Court of Appeals in Karpeles v. Heine, 227 N.Y. 74, 124 N.E. 101, afford ground for sustaining the plaintiff's claim. Section 483 of American Law Institute Restatement Torts is in accord with our view.

It is, however, earnestly contended that irrespective of all other considerations the amendment of Section 202 of the Labor Act in 1937 deprived the plaintiff of his right of action and that all the decisions we have cited except Teller v. Prospect Heights Hospital, 255 App.Div. 488, 8 N.Y.S.2d 274, were prior to the amendment and therefore, are no longer to be given weight.

 While the clause of the amendment that "no person shall clean any window of a public building from the outside unless the equipment and safety devices required * * * are provided for his protection and used by him * * *" contains a prohibition directed to the workmen themselves, yet that clause ought not to be construed as a condition of the right to recover for injuries sustained in window cleaning for to treat it as mandatory is to eliminate all civil remedies for violations of the Act. It is most unlikely that it was intended that a violation of the statute by the owner of a building should deprive window-cleaners, for whose benefit the law was enacted, of customary rights to recover damages for those injuries and should leave enforcement of the statute wholly to public authority. We think it far more likely that the clause of the amendment was inserted in terrorem, and that so far as it affects the workmen's right of action is to be interpreted as directory and not mandatory.

The clause of Section 202 as it stood prior to the amendment of 1937 read as follows: "A person engaged at cleaning windows of a public building from the outside shall use the safety devices provided for his protection". Laws N.Y.1934, ch. 139.

Under that clause the plaintiff under all the authorities was given a right of action if he suffered injuries from failure to use safety appliances. It seems merely technical to say that, had there been safety devices which plaintiff neglected to use, he could recover in spite of his disobedience to the command of the statute (Laws 1934, ch. 139) that he "shall use" them, and yet when suing under the amended act he cannot recover because the language has been changed from words of direction to words of prohibition.

 We hold that the trial judge erred in leaving the defenses of assumption of risk and contributory negligence to the jury and consequently that the judgment must be reversed and a new trial ordered in which the plaintiff in order to recover need only prove that the defendant violated the statute and that such violation was the proximate cause of his injuries.

Judgment reversed.