John E. Cone, J.
Plaintiff moves to strike out paragraph “third” of defendant corporation’s answer and paragraph ‘ seventh ’ ’ of the answer of the individual defendants, under subdivision 6 of rule 109 of the Rules of Civil Practice on the ground that the defenses set forth therein are insufficient in law.
The complaint alleges a cause of action for wrongful death of plaintiff’s intestate, a window cleaner, due to the negligence of the defendants in failing to comply and conform with the requirements of and in violating section 202 of the Labor Law of the State of New York. The numbered paragraphs set up the defense of contributory negligence. The defense of contributory negligence may not be asserted as a defense in an action predicated on a violation of section 202 of the Labor Law. (Koenig v. Patrick Constr. Corp., 298 N, Y. 313; Pollard v. Trivia Bldg. Co., 291 N. Y. 19; Teller v. Prospect Heights Hosp., 255 App. Div. 488, revd. on other grounds 280 N. Y. 456; Stern v. Great Is. Corp., 250 App. Div. 115.)
Teller v. Prospect Heights Hosp. (280 N. Y. 456, supra), relied on by defendants, is readily distinguishable. There the court held that the complaint could not be so construed as to permit the cause of action to depend upon the statute alone since the allegation of violation of duty was exclusively limited to the failure of the defendant to provide anchors attached to the side frames of the windows of the building, etc., whereas the statute contained no such requirement. The requirement was contained in the rules of the Industrial Board, a violation of which merely constituted some evidence of defendant’s negligence, whereas *583 negligence consisting of a violation of a statute might constitute negligence as a matter of law. In Koenig v. Patrick Constr. Corp. (supra) it was pointed out that where the statute is designed to protect a definite class of persons from a hazard, which they themselves are incapable of avoiding, it is deemed to create a statutory cause of action and to impose a liability unrelated to questions of negligence.
The motions to strike the defenses are granted. Settle orders on notice.