SEVERINO CONTE, Respondent, v. LARGE SCALE DEVELOPMENT CORPORATION et al., Defendants-Appellants and Third-Party Plaintiffs-Appellants. MAZZELLA CONTRACTORS, INC., Third-Party Defendant-Respondent.

First Department, April 12, 1960.

*William F. McNulty* of counsel (*Hampton & Dietel,* attorneys for Large Scale Development Corporation; *Michael A. Hayes,* attorney for Woodlawn Veterans Mutual Housing Co., Inc.), for appellants.

*B. Leo Schwarz* of counsel (*Ely Estroff* with him on the brief; *Lawless & Lynch,* attorneys), for third-party defendant-respondent.

*Solomon Boneparth* of counsel (*Tropp & Steinbock,* attorneys), for respondent.

BERGAN, J. Plaintiff has had a recovery of $250,000 for personal injuries against the general contractor and the owner of premises in a building construction operation in which plaintiff was employed by an excavation subcontractor. A tractor-type earth moving machine which plaintiff was operating fell into a pier hole in the floor of the excavation causing his injuries.

The plaintiff contends that an earth ramp which ran from the street level to the floor of the excavation, and which was designed by and within the control of the general contractor violated a statutory safeguard; and this violation, playing a part in the accident, cast an absolute liability on the general contractor without regard to its care or lack of it and without regard to the presence or absence of contributing negligence of the plaintiff.

The court at Trial Term, accepting this theory of liability, charged the jury that the ramp violated safeguards imposed by law and left open to the jury to determine as a fact whether the violation had been a causative factor in the accident. The question of plaintiff's own negligence was expressly excluded from the jury's consideration.

The statutory duty thus said to be violated by the general contractor is to be found in the provisions of rule 23-35.1 of the State Board of Standards and Appeals purported to be promulgated in pursuance of section 241 of the Labor Law, which provides, in subdivision 6, that the board " may make rules to provide for the protection of workmen in connection with the excavation work for the construction of buildings * * * and the owners and contractors for such work shall comply therewith."

Rule 23-35.1 at the time of the accident provided that all " runways and ramps shall be substantially constructed and securely braced and supported. Runways and ramps for the use of heavy vehicles shall have a width of not less than 12 feet and shall be provided with timber curbs not less than eight inches by eight inches placed parallel to, and secured to, the

sides of the runway and ramp. The flooring shall be of not less than three inch planking.''

This rule does not, in our view, apply to the natural earth ramp leading from the street level to the floor of the construction to which plaintiff attributes the accident. The proof is that this earth ramp was not '' constructed '' in the sense of the material of which it was composed being piled or put together.

In accordance with an extensive practice in excavating cellars, the ramp was natural earth left in place when the material which surrounded it was cleared out. The terms '' substantially constructed '' and '' securely braced and supported '' appearing in rule 23–35.1 could not reasonably refer to natural earth ramps. It would be difficult to envision the application to such ramps of the requirement they be '' securely braced '' or securely '' supported ''.

These terms all, in our view, apply to constructed and built ramps. This becomes more evident when it is seen that ramps for the use of heavy vehicles shall have '' timber curbs '' which are to be placed parallel to the sides and '' secured to the sides '' of the ramp. It is obvious that the rule in respect to such timber curbs is not concerned with the kind of ramp in this case.

We are of opinion that a case of liability has not been made out on the statutory violation assigned and under the theory upon which the case was tried and submitted to the jury.

Moreover, if a violation of the rule be assumed, the question of whether it was negligence and the question whether the plaintiff had himself been negligent, should have been submitted as questions of fact and not determined as a matter of law. We would, therefore, in any event, have reversed and ordered a new trial on this ground.

The test of such absolute liability continues to be, as Mr. Justice BASTOW demonstrated with precision in *Utica Mut. Ins. Co.* v. *Mancini & Sons* (9 A D 2d 116), whether the act complained of itself comes within the prohibition of a statute; and the violation of a duty imposed by a rule enacted by public authority in pursuance of a statutory delegation is not enough to spell out a liability of this magnitude even though the statute says, as does section 241 of the Labor Law that owners and contractors '' shall comply therewith ''.

The decision in *Koenig* v. *Patrick Constr. Corp.* (298 N. Y. 313) imposing a liability on the wrongdoer '' without regard to his care or lack of it '' (p. 318) and ruling out contributory negligence (p. 319) rested on an act which was shown to be the violation of an express provision of statute designed for

the protection of workers. Negligence arose there from the violation of a "flat and unvarying duty" (p. 318).

But those earlier authorities which draw a distinguishing line of resulting liability between a statutory violation in such a situation, and the violation of a rule or ordinance, which is deemed merely evidence of negligence, such as *Teller* v. *Prospect Hgts. Hosp.* (280 N. Y. 456) and *Schumer* v. *Caplin* (241 N. Y. 346) were neither overruled nor impaired in authority by *Koenig*.

If the subject might be deemed to have been left in doubt it seems now resolved by *Major* v. *Waverly & Ogden* (7 N Y 2d 332). Judge FROESSEL there noted, with reference to a violation of a rule made by a State commission and adopted by a village, that "It is well established that such a violation cannot give rise to a statutory liability without regard to negligence" (p. 336). Both *Teller* and *Schumer* are cited, and thus they seem to survive in full vigor. The decision in *Rufo* v. *Orlando* (309 N. Y. 345) turned on an issue not here controlling. (See discussion in *Utica Mut. Ins. Co.* v. *Mancini & Sons, supra*, p. 119.)

Although there is some view in the court on the facts that the verdict for plaintiff is against the weight of evidence, the court does not now decide that question (Civ. Prac. Act, § 602).

The judgment should be modified on the law and the facts by reversing the first decretal paragraph thereof awarding judgment to the plaintiff against the defendants, Large Scale Development Corporation and Woodlawn Veterans Mutual Housing Co., Inc., and by directing that judgment be entered in favor of said defendants dismissing the plaintiff's complaint, without costs, and, as so modified, the judgment should be affirmed, with costs to the third-party defendant-respondent against the third-party plaintiffs-appellants.

BOTEIN, P. J., BREITEL, RABIN and VALENTE, JJ., concur.

Judgment unanimously modified on the law and on the facts by reversing the first decretal paragraph thereof awarding judgment to the plaintiff against the defendants, Large Scale Development Corporation and Woodlawn Veterans Housing Co., Inc., and by directing that judgment be entered in favor of said defendants dismissing the plaintiff's complaint, without costs, and, as so modified, the judgment is affirmed, with costs to the third-party defendant-respondent against the third-party plaintiffs-appellants.