*247 Van Voorhis, J. (dissenting).
It is true enough that contributory negligence is not a defense in the very limited class of actions which are not based on tort but are, in a literal sense, created by statute (e.g., Koenig v. Patrick Constr. Corp., 298 N. Y. 313; Schmidt v. Merchants Despatch Transp. Co., 270 N. Y. 287; Karpeles v. Heine, 227 N. Y. 74; Pollard v. Trivia Bldg. Corp., 291 N. Y. 19; Lowenhar v. Commercial Outfitting Co., 260 App. Div. 211, affd. 285 N. Y. 671; Teller v. Prospect Hgts. Hosp., 255 App. Div. 488, revd. on other grounds 280 N. Y. 456; Stern v. Great Is. Corp., 250 App. Div. 115; Osborne v. Salvation Army, 107 F. 2d 929). The distinction is pointed out in Utica Mut. Ins. Co. v. Mancini & Sons (9 A D 2d 116,120) in an opinion by Justice Bastow:
“ But the court in the Koenig case was careful to point out (p. 317) that not every statute which commands or prohibits particular conduct is within the principle that a plaintiff’s carelessness is no bar to his recovery under a statute which imposes liability regardless of negligence. The authority cited by the court (Schmidt v. Merchants Despatch Transp. Co., 270 N. Y. 287) stated certain guiding principles. It was said (p. 305) that ‘ The statute may in express terms give to an injured person a cause of action for such damages. Difficulty arises only where the statute does not, in express terms, make any provision for such a cause of action. Then the problem is whether such a provision should be implied. That depends, at least in great measure, upon whether the duty is imposed for the special benefit of a particular group or class of persons. Only in such case can it be said that the statute creates a liability per se.’
‘ ‘ Thus, there is a clear distinction between the violation of a statute constituting negligence per se (cf. Prosser, Contributory Negligence as Defense to Violation of Statute, 32 Minn. L. R, 105, 111, 112) and the violation of a statutory duty imposed for the benefit of a particular group or class constituting liability per se. In the former contributory negligence is a defense and in the latter it is not. ’ ’
It would be easy to say that any statute prescribing standards of reasonable care is enacted for the benefit of a special class of persons as, for example, the protection of motorists in particular traffic situations, school children or other pedestrians crossing the streets, and many other specified uses of the streets and *248 highways. In such cases, as was said in Schmidt v. Merchants Despatch Transp. Co. (supra, pp. 304-305, per Lehman, J.):
‘‘ The usual standard of care is superseded by the standard enacted by the Legislature. * * *
“ We may assume that a ‘ liability ’ is not ‘ created ’ by statute in every case where the statute imposes a new duty or a standard of care different from that required by custom and common law. The statute may be general in character and statutory duty may be imposed for the general welfare rather than for the benefit of a person or group of persons. A statute ‘ creates ’ no liability unless it discloses an intention express or implied that from disregard of a statutory command a liability for resultant damages shall arise ‘ which would not exist but for the statute.’ (Shepard v. Taylor Pub. Co., 234 N. Y. 465, 468.) ”
The causes of action ‘ ‘ created by statute ’ ’ are ordinarily violations of the Labor Law, Factory Law, Stock Corporation Law or Debtor and Creditor Law, as appears from the cases that have been cited. We are aware of no cases involving motor vehicles or pedestrians in the use of the streets in which statutory regulations have been held to give birth to the cause of action rather than to prescribe standards of care violation of which would constitute negligence.
This accident is claimed to have resulted from the driving away of a school bus after a boy had alighted who, the driver knew, lived on the opposite side of the highway. Defendant violated subdivision (b) of section 1174 of the Vehicle and Traffic Law which provides that the driver of a school bus, when discharging pupils who must cross the highway, shall instruct such pupils to cross in front of the bus and that the driver of the bus shall keep such bus with red flashers flashing until such pupils shall reach the opposite side of the highway. Overtaking vehicles are commanded by subdivision (a) of section 1174 to stop before reaching a school bus which has such flashing signal in operation and “ shall not proceed until such school bus resumes motion, or until signalled by the driver or a police officer to proceed.” In the absence of these statutes, there would be a common-law liability on the part of the school district, now that governmental immunity has been waived, to use reasonable care in the person of the bus driver and by making suitable rules for the protection of children in crossing the street. Liability *249 for injury to school children under those circumstances has been held to be based on negligence (McDonald v. Central School Dist. No. 3 Romulus, 179 Misc. 333, affd. 264 App. Div. 943, affd. 289 N. Y. 800).
To avoid contributory negligence children are required to use only such care for their protection as would be expected of their age and degree of development (Camardo v. New York State Rys., 247 N. Y. 111). But the law has no interest in exonerating children any more than adults from using reasonable care for their own protection.
The order appealed from should be affirmed.
Opinion by Judge Scileppi. All concur except Judge Bergan and Keating, who dissent in part and vote to reverse and grant a new trial as to all defendants, and Judge Van Voorhis, who dissents and votes to affirm in a separate opinion in which Chief Judge Fuld and Judge Burke concur.
Order modified, with costs, and new trial granted against defendant School District and defendant Carmen in accordance with the opinion herein and, as so modified, affirmed.