Anthony Novitz, Respondent, *v.* Mary T. Maine, Appellant.

Argued January 27, 1937; decided March 9, 1937.

*Philip W. Lowry* for appellant.

*John R. Bushong* and *Sydney A. Syme* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: LEHMAN, O'BRIEN, LOUGHRAN and RIPPEY, JJ. Taking no part: HUBBS, J. FINCH, J., dissents in the following memorandum, in which CRANE, Ch. J., concurs:

FINCH, J. (dissenting). The plaintiff was employed by the defendant as janitor and general handyman at her private school for girls. While cleaning the outside of a window on the second floor of the school gymnasium, he fell to the ground, sustaining severe injuries for which he has recovered a judgment in the sum of $20,000.

In this action for personal injuries, the trial court directed a verdict in favor of the plaintiff, merely submitting the question of damages to the jury. No issue of fact, or even conflicting inferences from the facts, must exist upon this record, otherwise such issues or inferences must in this common law action have been submitted to the jury. It is submitted that there were issues for the jury.

This accident happened in January. I can find no contradiction of the testimony of the defendant that she

ordered the plaintiff not to clean the windows from the outside during the winter time, and that when he did wash outside the windows otherwise than in winter time, he should do so by standing on the inside. In addition, the defendant testified, also without contradiction, that when the plaintiff informed her that he was going to work in the gymnasium she ordered him not to work indoors that day, as the day was too fine to be used for indoor work, and that the plaintiff should come to her for instructions in twenty minutes. Plaintiff disobeyed all three of these commands of his employer. If this testimony of the defendant is true, and the plaintiff acted in disobedience of his employer's commands, it cannot be said that the employer required or permitted the cleaning of the window as directed by the statute. It is claimed that when the defendant asked specifically to go to the jury on two other issues of fact, she thereby waived the right of submission to the jury of all other questions of fact. In a common law action tried before a jury, I can see no waiver here. The emphasis on the two issues of fact was in answer to the motion of plaintiff for a directed verdict on all issues except the amount of damages. The parties had come before the court to have submitted to the jury all issues of fact, and it requires more than is shown by this record to hold that the defendant has waived her right to have all the issues arising taken away from the jury. It is next urged that these commands of the defendant were vague and given long before the time of the accident. Neither of these objections seems to me sufficiently valid to deprive the jury of their right to pass on the credibility of this testimony of the defendant.

It also seems to me that an issue arose upon this record for the jury, as to whether the plaintiff would have made use of the hooks even if they had been furnished. In other words, was the absence of the hooks a proximate cause of the accident? It is true that the absence of a safety device never causes a man to fall from a window. It may well be, however, that there are facts present which show that the man would not have used the device even

if it had been present. If the facts shown raise any issue as to this, it is for the jury. In the case at bar, the Rules and Regulations of the Industrial Board show that the statute applies only when the window is washed wholly from the outside, and that hooks must be placed four and one-quarter feet above the sill. This latter requirement would seem to add strength, if any is needed, to show that the Industrial Board construed this provision of the Legislature as applying only to situations where the window is required to be cleaned on the outside. Indeed, the Board has said so in just so many words. On this issue in the case, the facts show that the plaintiff chose to sit upon the windowsill with the lower part of his body, including his legs and feet, on the inside. A safety belt, if it had been furnished to him, would have had to be fastened to bolts or fittings fifty-one inches above the sill, under the rules of the Industrial Board, promulgated pursuant to the Labor Law (Cons. Laws, ch. 31, § 202). If the plaintiff, sitting on the sill, had fastened a safety belt to the bolts or fittings, the belt would have been fastened more than a foot above his head. The belt would have extended from his waist, close to the sill, to the bolts, fifty-one inches above the sill, a distance of approximately four feet. Even assuming that the straps of safety belts are of sufficient length to be used while in such a position, the use of the belt, with its straps hooked on more than a foot above the head of the wearer, would have made his position so awkward that it is extremely doubtful whether any one would attempt to wear it. It is urged that we must assume that the plaintiff would have attached the belt and stood upon the sill. Perhaps he would have done so. Actually, he had assumed a sitting position in cleaning the windows. Whether he would have chosen to stand or to sit, if he had been furnished with a safety belt, cannot be determined as a question of law. The question is one of fact, and should have been submitted to the jury.

The remaining question is one of law, namely, whether the statute applies because the window was not being

cleaned from the outside as required by the statute (§ 202). The language of the statute is ambiguous. In arriving at the proper construction of a statute couched in uncertain terms, the authorities hold that the courts may be guided by the unchallenged practical construction placed upon the statute by those charged with the responsibility of administering the statute. It seems to me that those authorities apply here, and that when the defendant showed that the Industrial Board promulgated, as one of the rules under this statute, that " the term ' outside ' shall mean wholly without the building," we should adopt that construction and not place upon the citizenry generally, by construction of an ambiguous statute, an obligation not imposed by the Board charged with the administration of the statute. The defendant apparently acted within the rules promulgated by the Industrial Board because, as already noted, she commanded the plaintiff that when he washed the panes of the window on the outside, he must do so by standing on the sill within the building. If the Legislature wishes to make the statute apply more broadly than as interpreted by the Industrial Board charged with its enforcement, it may easily do so by amendment.

The complaint should be dismissed.

Judgment affirmed.