LEON WITKOWICZ, as Administrator, etc., of STANLEY WITKOWICZ, Deceased, Appellant, *v.* AMALGAMATED PROPERTIES, INC., and Others, Respondents.

First Department, May 8, 1942.

*Irving H. Saypol* of counsel [*Leo Kotler* and *Samuel Lawrence Brennglass* with him on the brief; *Saypol & Kotler*, attorneys], for the appellant.

*Fred H. Rees* of counsel [*Alexander Orr, Jr.*, with him on the brief; *Reginald V. Spell*, attorney], for the respondents.

COHN, J. . While engaged in cleaning a window in an apartment house owned and operated by defendants, plaintiff's intestate was killed by a fall. This action, which was brought to recover damages for wrongful death, is predicated upon the violation by defendants of section 202 of the Labor Law, the Industrial Code and the Rules of the State Board of Standards and Appeals, which require safety devices for protection of window cleaners.

The decedent and Harry Fields were partners in the window cleaning business. A day or two prior to March 13, 1939, Mrs. Aronstein, a tenant on the eleventh floor of defendants' building, had requested the doorman to send a window cleaner. After being informed of the order by the doorman, plaintiff's intestate went to the apartment of Mrs. Aronstein on the morning of March 13, 1939. The deceased had cleaned the windows of this apartment on many previous occasions for which he was paid by the tenant.

A few moments after admitting deceased, Mrs. Aronstein went to the kitchen to answer a bell at the back door. Upon her return to the bedroom, where she had last seen the deceased, he was nowhere to be found. The left window in the bedroom was open about fifteen inches from the bottom and a small rug which the deceased had brought with him lay on the window sill. His pail

rested on the floor along the left side of a radiator which was set in front of the window. The body of the deceased was found in the courtyard directly beneath the open window with a wet piece of chamois and a towel within five feet. There were no safety devices for the protection of a window cleaner on any of the windows of the apartment.

Section 202 of the Labor Law provides:

" § 202. Protection of persons engaged at window cleaning. On every public building where the windows are cleaned from the outside, the owner, lessee, agent, manager or superintendent in charge of such building shall provide, equip and maintain approved safety devices on all windows of such building. The owner, lessee, agent, manager or superintendent in charge of any such public building shall not require, permit, suffer or allow any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner in conformity with the requirements of this chapter and the rules of the board of standards and appeals. Every employer or contractor shall require his employee while engaged in cleaning any window of a public building from the outside, to use the equipment and safety devices required by this chapter and the rules of the board of standards and appeals. No person shall clean any window of a public building from the outside unless the equipment and safety devices required by this chapter and the rules of the board of standards and appeals are provided for his protection and used by him while engaged at cleaning such window.

" The board of standards and appeals may make rules supplemental to this section by designating safety devices of an approved type and strength to be installed on public buildings or to be worn by window cleaners or both, but the absence of any such rules shall not relieve any person from the responsibility placed upon him by this section."

Plaintiff claimed that the deceased had met his death while cleaning a window from the outside of the building and that the defendants' failure to obey the statute was the proximate cause of the accident. Though the deceased was paid for his work by the tenant, plaintiff, nevertheless, charges that in the circumstances of this case, the defendants, as owner, agent and person in charge of the premises, are among those specifically enumerated as liable under section 202 of the Labor Law.

The defendants rested on the plaintiff's case and at the conclusion thereof the trial court directed a verdict in favor of defendants and refused upon plaintiff's request to submit any issues of fact for the consideration of the jury on the ground that the court would have granted a nonsuit in any event,

Upon the trial plaintiff made the following offer of proof: Mrs. Aronstein, the tenant, would testify that when she first became a tenant of the building, her windows were cleaned by an employee of the superintendent or managing agent; that prior to March 13, 1939, she was informed that the employee could no longer clean her windows, and that the managers of the building had engaged the services of an independent cleaning contractor who, as she was told, would do window cleaning for all the tenants in the building; that thereafter she availed herself of the services of these independent window cleaners, who were the deceased and Harry Fields, his partner; that she was advised by the management of the building that she could use the services of no other window cleaners. Harry Fields, according to plaintiff, would testify that he and his partner, the deceased, were given an exclusive franchise by defendants to clean windows of tenants of the building and in turn therefor it was their duty to clean, without charge, windows in vacant apartments and vacant stores in the building, and all glass, including windows in the public halls and lobbies; that the agreement was carried out up to March 13, 1939; that at no time prior to that date were there any safety devices of any kind furnished to him or to the deceased by the superintendent in charge of the building; that on many other occasions the superintendent and other agents of defendants in charge of this building had seen Fields or the deceased, or both, clean windows from the outside, and that at no time were they directed not to clean such windows from the outside, nor were they ever prohibited from doing so. Defendants' objection to plaintiff's offer of this testimony was sustained by the court.

It is our view that error was committed in rejecting plaintiff's offer of proof. The proffered testimony was competent to show that the owner or agent or superintendent in charge of the premises (concededly a public building) had, contrary to statute, permitted, suffered or allowed windows in the building to be cleaned from the outside when there were no safety devices.

If the facts which plaintiff sought to elicit had been received in evidence, a *prima facie* case, we think, would have been established. From the evidence actually received and that improperly excluded, the jury might have found that defendants had "permitted, suffered and allowed" windows in its building to be cleaned from the outside without provision having been made for the necessary safety devices required by statute; that the deceased was killed while engaged in cleaning a window from the outside of the building; and that the absence of safety devices prescribed by statute was the proximate cause of his death.

Section 202 of the Labor Law was recently amended (Laws of 1937, chap. 84; Laws of 1938, chap. 657) by adding the first and third sentences now found in the present section; and the words " suffer or allow " were added to the words " require or permit." In the present case not only did defendants with full knowledge of the deceased's activities permit him to clean the windows from the outside without installing the required safety devices, but by failing to prohibit the performance of the work in this manner, they suffered or allowed him to clean the windows without the statutory safeguards.

As the granting of defendants' motion for a directed verdict here was tantamount to a nonsuit, plaintiff is entitled to the most favorable view of the evidence and to every fair inference that a jury might reasonably draw therefrom. (*Osipoff* v. *City of New York*, 286 N. Y. 422, 425; *Kraus* v. *Birnbaum*, 200 id. 130, 133.) Proof of defendants' liability may be established by circumstantial as well as by direct evidence. (*Allen* v. *Stokes*, 260 App. Div. 600, 603.) Where, as here, reasonable minds might differ concerning the legitimate inferences to be deduced from the circumstances shown, it is for the jury to draw such inferences. (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622, 623; *Galvin* v. *Mayor, etc., of New York*, 112 id. 223; *Rosenberg* v. *Schwartz*, 260 id. 162, 166.) If plaintiff's offer of proof had been accepted, there would then have been sufficient evidence to submit to the jury the question whether defendants' violation of section 202 of the Labor Law, the Industrial Code and the Rules of the Board of Standards and Appeals was the proximate cause of the fatal injuries sustained by the deceased. Accordingly, we hold that it was error to direct a verdict for the defendants.

The judgment appealed from should be reversed, with costs, and a new trial ordered.

UNTERMYER, DORE and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes to affirm.

Judgment reversed, with costs, and a new trial ordered.