INEZ POLLARD, as Administratrix of AMY GARVIN, Deceased, Appellant, *v.* TRIVIA BUILDING CORPORATION, Respondent.

First Department, December 21, 1942.

*Jacques Isler* for appellant.

*Norman Lustig* of counsel (*Louis Helfenstein* with him on the brief; *Joseph S. Robinson,* attorney), for respondent.

CALLAHAN, J. The deceased, Amy Garvin, was killed as a result of a fall, on June 15, 1940, while she was engaged in cleaning a window of an apartment on the fifth floor of a six-story new law Class A multiple dwelling owned by defendant.

Deceased was last seen, prior to her fall, sitting on the window-sill, with her feet inside the apartment and the rest of her body on the outside, cleaning the outside of the window panes.

The apartment was leased to a tenant, and one of the issues involved was whether the evidence received on the trial established *prima facie* that the defendant-owner had, in violation of statute, suffered, permitted or allowed the decedent to do her work in the manner indicated. Plaintiff's evidence on this score was, substantially, that deceased was a part-time house-worker employed by several tenants; that included in the work she did for these persons was the cleaning of windows; that the building in question was of recent construction, having been

completed in September, 1939, at which time all of the windows were cleaned by the defendant's contractor; that thereafter the tenants hired their own cleaners; that posted in the hallway of the defendant's building were signs warning tenants against permitting windows to be cleaned from the outside; that despite such signs, as the superintendent testified, he had observed, on some occasions, the servants of tenants cleaning windows sitting on the sill, with their feet within, but the rest of their bodies outside the windows. The witness said that this was a matter of choice; some of the cleaners did it in the manner indicated, while others attempted to clean the outside of the windows while standing inside and reaching over the top of the upper sash. There was evidence that the president of defendant-owner resided in the premises. The evidence also disclosed that the superintendent of defendant had authority to admit house-workers such as deceased into the apartments of their employers; and, on the day of the accident, deceased was admitted by the superintendent to the apartment from which she fell. However, the superintendent had never observed the manner in which deceased had cleaned windows. Nor did he have anything to do with her selection.

The statute invoked here (§ 202 of the Labor Law; Cons. Laws, ch. 31) as it existed on June 15, 1940, provided: "Protection of persons engaged at window cleaning. On every public building where the windows are cleaned from the outside, the owner, lessee, agent, manager or superintendent in charge of such building shall provide, equip and maintain approved safety devices on all windows of such building. The owner * * * in charge of any such public building shall not require, permit, suffer or allow any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner in conformity with the requirements of this chapter and the rules of the board of standards and appeals. Every employer or contractor shall require his employee while engaged in cleaning any window of a public building from the outside, to use the equipment and safety devices required by this chapter and the rules of the board of standards and appeals. No person shall clean any window of a public building from the outside unless the equipment and safety devices required by this chapter and the rules of the board of standards and appeals are provided for his protection and used by him while engaged at cleaning such window.

" The board of standards and appeals may make rules supplemental to this section by designating safety devices of an

approved type and strength to be installed on public buildings or to be worn by window cleaners or both, but the absence of any such rules shall not relieve any person from the responsibility placed upon him by this section."

Plaintiff's contention is that the proof above outlined is sufficient to show that the defendant-owner or its superintendent had permitted, suffered or allowed the deceased to clean windows from the outside without providing any safety device as required by the section quoted, and by the rules of the Board of Standards and Appeals adopted pursuant thereto.

We recently held, in *Witkowicz* v. *Amalgamated Properties, Inc.* (264 App. Div. 156), that section 202 of the Labor Law prior to its amendment in 1942 was applicable to a multiple dwelling. We further held that the evidence tendered by plaintiff in that case was sufficient to show *prima facie* that the landlord had suffered and permitted the doing of the work out of which the accident arose. The proof was to the effect that the landlord would not allow tenants to hire window cleaners, except those furnished by the landlord's agent. By reason of this action on his part, we found that the landlord was responsible for any violation of the statute. It is plain that the facts in the *Witkowicz* case were substantially different from those in the present appeal. Here we find the evidence insufficient to establish even *prima facie* that the defendant had suffered, permitted or allowed Amy Garvin to clean windows from the outside. Therefore, dismissal of the complaint was warranted.

Upon the argument of this appeal, counsel called our attention to the case of *Novitz* v. *Maine* (273 N. Y. 573), wherein the Court of Appeals held that a violation of section 202 of the Labor Law and the rules of the Board of Standards and Appeals had been established. There the injured plaintiff was cleaning windows of a private school while sitting on the window-sill, in the manner followed by the deceased herein. In the cited case, however, there was no dispute as to the selection and control of the servant by the defendant. It may be noted further that since the decision in *Novitz* v. *Maine* (*supra*) the rules of the Board of Standards and Appeals with respect to the requirement for safety belts in cleaning windows have been substantially changed. As then written, the rules provided that when windows were cleaned " from the sill," a safety belt was required. The rules of the Board of Standards and Appeals, as amended to the time of the present occurrence (See Industrial Code Bulletin No. 21), provided in this regard, as follows: " Belts: 21–9.1. An approved belt of tanned leather, canvas or any other approved material

shall be used when the operator is *required to stand on the sill* while cleaning the window." (Emphasis ours.)

It would thus appear that the rules of the Board of Standards and Appeals existing at the time of the present occurrence with respect to the necessity for safety belts would not have required such belts where cleaners were working in the manner followed by the deceased herein.

Appellant does not appear to claim that any of the other devices specified in the rules adopted by the Board of Standards and Appeals were required to be furnished in the present case. Although plaintiff's complaint alleges generally a violation of the Labor Law, and of the requirements of the Board of Standards and Appeals, her bill of particulars referred to defendant's failure to provide " window safety devices." Under these circumstances, it would not seem necessary to determine whether any other device was required.

No point was made on the appeal in *Witkowicz* v. *Amalgamated Properties, Inc.* (*supra*) as to whether the window cleaner therein had fallen while sitting on the window-sill, or while standing on same. There was some circumstantial evidence in the record which indicated that the cleaner had been sitting, or had intended to sit, on the sill. However, the sole issue presented on that appeal was as to the sufficiency of the evidence concerning the control of the window cleaner by the defendant.

It may also be worthy of note that since our decision in the *Witkowicz* case the Legislature has repealed section 202 of the Labor Law, and passed a new section in place thereof which materially alters the duties of those employing window cleaners. The new section provides that it shall be inapplicable to multiple dwellings six stories or less in height. (See chapter 824 of the Laws of 1942.)

For the reasons indicated, the judgment appealed from should be affirmed, with costs.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Judgment unanimously affirmed, with costs.