## (October 7, 1971)

■ RONALD G. TARLOWE, Respondent, v. METROPOLITAN SKI SLOPES INC., Appellant.— On remand from the Court of Appeals, judgment, Supreme Court, Bronx County, entered April 25, 1969, upon a jury verdict in favor of plaintiff-respondent against defendant-appellant, reversed, on the law and the facts, as against the weight of the credible evidence, and the case remanded to Supreme Court, Bronx County, for a new trial, with costs and disbursements to abide the event. Plaintiff recovered judgment against defendant on a jury verdict

in a negligence action based upon claimed malfunction of rented ski equipment which did not release the ski when plaintiff, an uninstructed novice, fell down. We reversed on the law and dismissed (34 A D 2d 905). The Court of Appeals has, in turn, reversed and remitted the case here (28 N Y 2d 410), holding that a prima facie case was established, and directing that we consider the issues of fact. In concluding that a case was made out prima facie, the Court of Appeals necessarily construed plaintiff's evidence in the most favorable light (*Witkowicz* v. *Amalgamated Props.*, 264 App. Div. 156). In following the instruction given by the Court of Appeals, however, we are not so restricted, and, considering the whole case, we find that the result here was against the weight of the credible evidence. In reversing, the Court of Appeals (pp. 412, 414) stated the issue: "whether there was a failure of proof because plaintiff's expert did not develop the technical foundation for his opinion. * * * An expert need not give technical reasons or bases for his opinion on direct examination. The matter may be left for development on cross-examination. If the facts in the hypothetical question are fairly inferable from the evidence, the expert may state his opinion without further foundation. The extent to which he elaborates or fails to elaborate on the technical basis supporting the opinion affects only the weight of the expert testimony. (CPLR 4515; *Schlansky* v. *Augustus V. Riegel, Inc.*, 9 N Y 2d 493, 497; *People* v. *Crossland*, 9 N Y 2d 464, 467; 5 Weinstein-Korn-Miller, N. Y., Civ. Prac., par. 4515.03, p. 45–234.)" The expert's qualifications were, at the least, questionable. He was, he said, an experienced skier, who had tried unsuccessfully to develop a new ski release device, and whose expertise derived, not from training, but from "reconstruction" of skiing accidents. "He was currently writing a book on the safe design and use of recreational equipment, including ski bindings." (28 N Y 2d 410, 414), but he had never theretofore published anything on the subject of ski devices. In his opinion, the release used by defendant — which he had not seen but knew by its name — was not a good one, though he did say that it was used at the time of the accident by 80% of skiers. He explained the accident by a mathematical formula relating to "static" force which, even if understandable by a lay person, was not shown to relate to a skier in motion. He conceded that many skiers fall, whose skis do not release. All in all, his testimony may be described as highly speculative. Defendant's expert, on the contrary, was the manager of the ski slope, who had purchased the month-old equipment in use, and who said that it was standard for the purpose to which put. But, most importantly, it is inferable from his and plaintiff's testimony that the root cause of the accident actually lay in plaintiff's having ignored the signs which advised inexperienced skiers to take advantage of the free lessons available before proceeding on their own. We say as we did earlier: "The cause of the fall * * * must be deemed to come within the ancient rule: *volenti non fit injuria*. * * * In short, it appears that 'Nothing happened to the plaintiff except what common experience tells us may happen at any time as the consequence of a sudden fall. Many a skater or a horseman can rehearse a tale of equal woe.' (*Murphy* v. *Steeplechase*, [250 N. Y. 479], supra, p. 483.)" (34 A D 2d 905.) We conclude that the evidence in this case did not preponderate in plaintiff's favor to the extent necessary to overcome the inferences to be drawn from that same common experience. A new trial is required. Concur — McGivern, J. P., Markewich and Steuer, JJ.; Nunez, J., dissents in the following memorandum: Plaintiff, severely injured in a skiing accident, recovered judgment for a substantial amount after a jury trial. This court reversed and dismissed the complaint on the law on the sole ground that there was no proof that defective equipment (ski bindings) had caused plaintiff's injury. The Court of Appeals reversed and held that the

testimony of the plaintiff's expert was competent and that the plaintiff had made out a prima facie case, and remitted the case to us for our consideration and ruling on the facts. There was testimony to the effect that the toe release of the ski failed to function properly when the plaintiff twisted laterally and fell, leading to the permissible conclusion that either the toe release was defective or the ski had been too tightly affixed to plaintiff's boot by the defendant's employee, with consequent liability of the defendant in either event. (*Norden-brook* v. *State of New York*, 276 App. Div. 796.) Furthermore, there was testimony to the effect that defendant's inspection practices relating to the safety of its toe release were in several respects not in accord with the general practice in the industry. Such testimony was evidence of negligence. (*Garthe* v. *Ruppert*, 264 N. Y. 290, 296; *Gonzalez* v. *Concourse Plaza Syndicates*, 31 A D 2d 401, 404–405.) The issues were properly submitted to the jury. The Trial Justice, who was in a key position to judge, permitted the verdict to stand. In my opinion the verdict is not against the weight of the credible evidence. The record contains more than sufficient evidence to support the jury's verdict and it should not be disturbed. I would affirm.