■ CARMEN GONZALEZ, as Administratrix of the Estate of ROBERT GONZALEZ, Deceased, Respondent, v. CONCOURSE PLAZA SYNDICATES, INC., Appellant, et al., Defendants.— Order, Supreme Court, Bronx County, entered on October 9, 1969, unanimously modified, on the law and the facts, the motion of defendant-appellant Concourse Plaza Syndicates, Inc., to set aside the verdict of a jury on the issue of liability granted, the verdict as to that defendant set aside, and the cause remanded to Trial Term, Supreme Court, Bronx County, for a new trial on the issue of liability as to that defendant, with costs and disbursements to abide the event, and, as stipulated by defendant Concourse Plaza Syndicates, Inc., and defendants Weinberg, the appeal of defendant-appellant Concourse Plaza Syndicates, Inc., from dismissal of its cross claim against defendants Weinberg is dismissed, without costs and without disbursements. The action is for wrongful death of a window cleaner who had apparently fallen — there were no eyewitnesses — from a window in defendant's hotel, partially obstructed by an air conditioner and side panels, in violation of rule 21.6 of the Industrial Code (12 NYCRR 21.6 [a] [2]). An earlier trial on the issue of liability resulted in dismissal of the complaint at the close of plaintiff's case. We reversed (31 A D 2d 401, 404, 405) : "In view of the fact that the complaint was dismissed at the end of the plaintiff's case, we must construe the evidence adduced in the light most favorable to plaintiff and accord it every inference which can be reasonably drawn therefrom. (*Witkowicz* v. *Amalgamated Props.*, 264 App. Div. 156.) * * * A reading of the record is convincing that there was sufficient evidence as to the question of the defendants' negligence to warrant the submission of the case to a jury and the complaint should not have been dismissed. 'Proof of defendants' liability may be established by circumstantial as well as by direct evidence. [Citing cases.] Where, as here, reasonable minds might differ concerning the legitimate inferences to be deduced from the circumstances shown, it is for the jury to draw such inferences.' (*Witkowicz* v. *Amalgamated Props.*, 264 App. Div. 156, 160, *supra*.) " The evidence presented by plaintiff on the retrial was virtually identical with that at the earlier trial. Therefore a prima facie case was established, an essential ingredient of which is that it is inferred from the circumstantial evidence that plaintiff's decedent met his death by going out of the partially blocked window. With this as a starting point, we move on to the proof of contributory negligence. Decedent's employer, the window-cleaning contractor, testified flatly, and without refutation of any kind, that he had instructed his employee generally as to elements of

safety involved in window cleaning and specifically "not to do any air-conditioned windows". Nothing appears in the record to impugn the employer's credibility. For decedent, then, to have gone to the outside of the obstructed window, was to violate his orders, and to have been contributorily negligent. The weight of credible evidence on this score lies, it seems, with defendant, and the verdict therefore cannot stand. Indeed, some of us feel that contributory negligence was established as a matter of law by this uncontradicted and entirely credible evidence, but it will suffice for the interests of justice that a new trial be directed. Concur — McGivern, J. P., Markewich and Kupferman, JJ.; Nunez, J., concurs in the result.