EDWARD ROBINSON, Appellant, *v.* THE STATE OF NEW YORK, Respondent.*

(Claim No. 21960).

Third Department, July 6, 1934.

*Floyd J. Reinhart,* for the appellant.

*John J. Bennett, Jr., Attorney-General [James H. Glavin, Jr., Assistant Attorney-General,* of counsel], for the respondent.

RHODES, J. Claimant was a prisoner in Dannemora State Prison. He was required to work upon cotton carding machines, his duties consisting in cleaning them.

The mechanism consisted of a large cylinder or drum, the outer surface of which was covered with needles or spines. Raw cotton was fed into the machine against the face of the needles on the cylinder which revolved rapidly, being operated by electric power, and the cotton was thus cleaned and carded. In the process the surface of the cylinder would become clogged with dirt and waste which collected among the needles and had to be removed once or twice a day in order that the machine might operate efficiently. In such process a smaller cylinder was placed parallel with the large drum or cylinder, so that the faces of the two cylinders met, and as they were thus in juxtaposition, and with the power applied, the rotation of the cylinders cleaned the drum of the dirt and waste clogging the needles. In order to bring the surfaces of the two cylinders together, a rope was provided and an arrangement of pulleys by which pressure was applied to force the face of the small cylinder against the needles on the face of the large drum. It was the duty of claimant to hold the rope and to exert strength enough thereon to force the smaller cylinder against the large drum. He was left handed and claims that while holding the rope, engaged in cleaning one of the machines, the rope caught his left hand which was drawn into the machine and mangled so that the hand and part of the forearm had to be amputated. The undisputed evidence is that the machine in motion had power enough to tear an arm off " right up until it tears it from the socket."

It is manifest that claimant's work was extremely hazardous. He claims that prior to the accident he had notified the officer in

charge that he was afraid to work on the machines according to the method described, when the belts and power were on, because if his hand slipped it would be cut off in the machine, but that he was told that he must do the work or be punished. It required two men to clean a machine while in motion with the power on, and the machines were always thus cleaned. He testified that it would be possible to clean the machines with the power shut off; that it would require three men, two to turn the drum and one to hold the cleaning cylinder against it; that by thus cleaning the machine it would not have been possible for his hand to become involved.

The State contends that claimant had been warned not to wear gloves in the operation because of the danger of the glove catching in the machine and causing injury. Claimant contends that he was never thus warned; that he had cut off the fingers of the glove on his hand so that only the palm of the glove remained; that he wore the glove to avoid burning his hand which would be caused by the slipping of the rope, and that in any event, the glove did not catch in the machine, but that the accident was caused because the rope caught his hand as above described.

The claim herein was filed pursuant to an enabling act, chapter 742 of the Laws of 1931. By such claim negligence is charged against the State both at common law for failing to use proper care to prevent the accident, and under the statute, section 256 of the Labor Law, in failing to have the machine upon which he was compelled to work properly safeguarded.

As to the claim under the common law, the learned court below held that there was not sufficient proof of the failure to use ordinary care in providing claimant with safe conditions under which to work. The evidence in the record does not support this conclusion. The undisputed testimony is that the machines could be cleaned with the power off by operating the cylinders by hand. This seems obvious from the description of the machinery and the purpose of the operation described in the record. The only objection to this method is that it would slow down production and require the services of an additional man to clean each machine. According to present day concepts in this State, the safety of the life and limb of the laborer in hazardous employment is paramount in importance to the desirability for enhanced production and economic advantage. It is recognized that the desire for such enhancement at the expense of the safety of the laborer must be curbed and regulated. This policy as prompted by the conscience of the aggregate people evolved in the light of their judgment and experience, is reflected in the statutes of their law-making body. If reasonable care required the cleaning of these machines by a safer method than that

adopted, then the employees of the State failed in their common-law duty of furnishing claimant a place to work under reasonably safe conditions. More is required than a desire for economic advantage to justify a disregard of this requirement for safety. Economic gain to this extent must yield to the demand for safety and social welfare. This is the common standard by which the duty of the employer to the employee and the master to the servant is measured in private industry, and it is by the common standard that the State has consented to be judged herein.

The claimant here, though employed while confined in a penal institution of the State, stands on the same footing as any other employee by virtue of the enabling act passed for his benefit. Having in mind the settled policy of the State for the welfare of the laborer in hazardous employment, there was a question of fact to be determined as to whether the officials of the State reasonably measured up to the duty imposed of protecting the safety of claimant. If, in the exercise of due regard for his safety, they were not justified in compelling him to perform his work in the manner and according to the method described, then a finding of negligence would be warranted.

As to the claim under the statute, the learned court below held, citing *Denton* v. *State of New York* (72 App. Div. 248), that the provision of the Labor Law is not applicable as against the State upon the theory that the laws of the State are supposed to be made for the subjects or citizens thereof and not for the sovereign power in the absence of a specific provision of law making the statute applicable to the State. The interpretation of the enabling act, however, indicates that the State thereby intended that the said provision of the Labor Law should be considered as applicable and binding for the purpose of measuring the duty and defining the degree of care due from the State to claimant. The enabling act confers jurisdiction on the court to determine the claim of the claimant herein for personal injuries alleged to have been sustained by him and "alleged to have been caused by the negligence and carelessness of the state, its officers, agents or employees in carelessly maintaining and operating a carding machine *without the proper protective devices and safeguards in the textile factory of said prison, thus causing* the said Edward Robinson's left hand to be drawn into said carding machine *through an unguarded place* while cleaning said machine." It further provides: "If the court shall find that said accident did happen *as aforesaid* and that such injuries were so sustained *by reason of the negligence as aforesaid* * * * damages therefor shall constitute a legal and valid claim against the state and the state shall be deemed liable therefor." The liability thus recognized

by the enabling act is for injuries sustained by unguarded machinery. It seems clear, therefore, that it was the intention of the Legislature to make the provision of the Labor Law relative to unguarded machinery applicable to the standard of care required of the State and its officers and employees.

The decision below contains a finding that said machine had no guard or guards or other safety devices and that it has not been established herein that it would have been practicable to have installed a guard or guards on said machine or that said machine could have been provided with a guard or guards or safety devices which would have prevented said accident.

If such provision of the Labor Law is applicable, then the machine, if maintained wholly without guards, presumptively was maintained contrary to the statute and the burden of showing that it was impracticable to guard the machine was upon the State. (*Scott* v. *International Paper Co.*, 204 N. Y. 49.)

The judgment should be reversed upon the law and facts and a new trial granted, with costs to claimant to abide the event.

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed on the law and facts and a new trial granted, with costs to claimant to abide the event.

The court reverses the 8th finding of fact of the decision, and disapproves of the 2d, 3d, 5th and 6th conclusions of law thereof.