ERNEST E. GRIEBSCH, Plaintiff, *v.* B. T. BABBITT, INC., Defendant.

Supreme Court, Special Term, Albany County, August 13, 1937.

*Nathan M. Medwin* [*Henry Weiss* of counsel], for the plaintiff.

*Illch & Poskanzer* [*Julius Illch* of counsel], for the defendant.

SCHENCK, J.   Plaintiff moves for an order striking from the answer several of the defenses set forth by the defendant under rule 109 of the Rules of Civil Practice, on the ground that it appears on the face of the defenses that they are insufficient in law.

The complaint sets forth two causes of action.   First, it is alleged that the defendant breached a common-law duty in failing to provide for the plaintiff, an employee, a safe place for the performance of work.   As a result of this failure by the defendant, the plaintiff alleges that he contracted silicosis because of the large quantities of dust that were liberated in defendant's plant, and which resulted in the situation existent in the plant which the plaintiff now alleges made it unsafe for work.   For a second cause of action, the plaintiff alleges that the defendant violated the Labor Law and rules of the Industrial Board made pursuant to the Labor Law which relate to the methods of manufacture where dust is generated in the course of production.   In this cause of action, of course, the element of damage is the same as in the first, *e. g.*, the plaintiff contracted silicosis from the dust.

Now, following service of the defendant's answer, the plaintiff makes the motion to strike out the defenses which may be classified under the following three general headings: (1) That the plaintiff assumed the risk involved with full knowledge thereof; (2) that the Workmen's Compensation Law is the exclusive remedy in this

situation, therefore divesting this court of jurisdiction; and (3) that negligence of a fellow servant is involved, thus furnishing the defendant with an absolute defense.

The motion to strike out the defense of the assumption of risk is made only in reference to the second cause of action. The defense is set forth in paragraph "Tenth" of the answer. The plaintiff contends that, as the second cause of action is based on violation of the Labor Law, this defense is untenable as a matter of law because the Labor Law imposes absolute duties upon employers from which they cannot escape merely by showing that the employee submitted to these risks and voluntarily assumed them. This court is fully in accord with this contention. The purposes and spirit of labor legislation is to protect the employee. If the employer were allowed to shift the responsibility to the employee, this purpose would be defeated. The entire trend of precedent upon this point clearly indicates that it is the law of this State that an employee does not assume any risks by working in a place and under conditions which he knows to be unsafe and in violation of the labor laws. The duty on the employer is *absolute*. There are numerous holdings to the contrary in older cases, but the modern trend in cases too numerable to set forth has completely repudiated the old rule. *Schmidt* v. *Merchants Despatch Transportation Co.* (270 N. Y. 287) is apparently the latest Court of Appeals case on the point. It holds the rule to be as stated above. Another recent and clear statement of the present rule was set forth in *Michalek* v. *United States Gypsum Co.* (District Court, W. D. New York, 16 Fed. Supp. 708 [1936]). There it was stated: " The risk of injury arising out of failure of the master to employ statutory safeguards is not assumed by the servant even though the servant knows of such failure. * * * The master is deprived of the defense of assumption of risk, where injury is due to non-compliance with the statutory requirements for the protection of the servant, even though the statute does not expressly so provide."

It might be added that the case of *Fiore* v. *General Railway Signal Co.* (249 App. Div. 708), which was relied upon by the defendant, seems to be entirely out of line with modern law and is overruled by the above cases and the vast preponderance of other rulings on this point. Therefore, the only possible conclusion in the case at bar is that paragraph numbered " Tenth " should be stricken from the answer.

Paragraphs marked " Seventh " and " Fourteenth " of the answer interpose the defenses that the two causes of action are, respectively, not available because it is alleged that the Workmen's Compensation Law is the exclusive remedy in this case. These two paragraphs

should likewise be stricken out. Employments terminating in May, 1935, are not within the purview of article 4-A of the Workmen's Compensation Law which deals with silicosis. As a matter of fact, according to the answer, the defendant contends that the plaintiff was employed prior to February, 1934, and was not employed in 1935, so that by no construction could it be shown that he worked for the defendant at the time at which the law provided that workmen's compensation was the exclusive remedy. Thus, although the defense would be available if the plaintiff's employment had lasted until September, 1935, it is clearly not available where the employment terminated before that time. Thus, paragraphs " Seventh " and " Fourteenth " should be stricken from the answer.

Next, the plaintiff seeks to have stricken out two paragraphs which set forth the negligence of a competent fellow worker as the cause of the damage. Paragraphs " Fourth " and " Eleventh " of the answer respectively set forth the fellow-worker negligence defense to the plaintiff's two causes of action. They, likewise, should both be stricken out. From the clear terms of the complaint, it is obvious that the fundamental nature of this action is based on the failure of the defendant to fulfill his common-law and his statutory duties of providing safe working conditions. These duties are, of course, non-delegable and so it has long been held. Therefore, it is impossible that negligence of a fellow worker could have any effect at all upon the liability of this defendant for not performing his duties. Therefore, the paragraphs setting forth this defense, namely, " Fourth " and " Eleventh," should be stricken from the answer.

The plaintiff also moves to have paragraphs " Sixth " and " Thirteenth " stricken from the answer. Counsel on neither side has advanced any argument as to these paragraphs. They are identical in nature, each being applicable to a different cause of action. Of and by themselves, however, they appear to have little or no effect upon the issues in the case and seem to be merely surplusage. Therefore, they, too, should be stricken out.

Motion granted. Paragraphs " Fourth," " Sixth," " Seventh," " Tenth," " Eleventh," " Thirteenth," and " Fourteenth " of the answer are stricken out.