CONSTANT REVELANT, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24051.)

Court of Claims, December 24, 1937.

*Samuel S. Leibowitz* [*Julius Applebaum* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Owen M. Begley, Assistant Attorney-General,* of counsel], for the defendant.

MURPHY, J.  The claimant, on August 19, 1934, and while a convict inmate of Great Meadow Prison at Comstock, N. Y., serving a sentence for the crime of burglary in the third degree, sustained personal injuries that resulted in the loss of part of the index finger of his right hand and part of his right thumb.

Shortly after he was received at Great Meadow Prison he was assigned to work in the kitchen of the prison as an assistant to the civilian chef or chief or head cook, and at the time he was injured he was working and operating under the direction of the civilian chef or chief or head cook a food-cutting machine. The machine was one provided for and used in the prison in the preparation of prison food.

Some time before claimant was injured he had been directed to chop cabbage and grind meat. The meat grinder was an accessory or attachment to the cutting machine; it was kept in a room apart from the room where the cutting machine was set up; it was in the keeping of the civilian chef or chief or head cook, and by him it was furnished to the claimant.

The grinder was fed from a mouth or opening. The mouth or opening was about five to seven inches wide. The meat to be ground was inserted in the mouth or opening, passed to the worm or knives of the grinder, and was thus ground

The claim of the claimant is that, in operating the machine and feeding the meat to it, his right hand was drawn into the mouth or opening of the grinder, came in contact with its worm or knives, and that he was injured as before stated.

The negligence asserted is the State's failure to furnish a hopper with or for the meat grinder, and this omission, it is claimed, constituted a violation of rule 964 of the Industrial Code of the Industrial Board of the Labor Department of the State, adopted pursuant to the State Labor Law, and renders the State liable to the claimant for the injuries he sustained.

Confessedly a hopper was not provided for the machine, and claimant was permitted or directed, and which for the purposes of this claim is of little consequence, to work upon and operate the machine without a hopper attachment.

The manner in which claimant was injured, that is, that in some way his hand came in contact with the worm or knives of the machine, is not in dispute, nor is the extent of his injuries disputed.

This claim is made and filed under a special act of the Legislature. (Laws of 1935, chap. 969.) Therefore, within the decision in *Robinson* v. *State* (242 App. Div. 94), any question that might otherwise and in the absence of this authority be presented as to the applications of the provisions of the State Labor Law to the facts in this case is removed, and in the disposition of this case it must be held that such provisions apply.

Rule 964 of the Industrial Code, adopted pursuant to the State Labor Law, reads as follows: " Meat, Fish and Other Food Grinders: * * *. Shall be provided with a hopper of such size and arrangement that the operator's fingers cannot come in contact with the cutting or feeding knives or worm."

This rule has the force of law. Its language is mandatory, and it results to create a statutory duty the violation of which would give rise to a cause of action in favor of one, falling within its benefits, for injury sustained by reason of its violation.

While the cause of action may sound in negligence, since it arises from neglect to comply with the statutory mandate, precisely it is not in negligence, but rather is it a statutory action arising from a violation of a statutory duty.

Hence it would seem to follow that such defenses as assumption of risk and contributory negligence are not available, and that for success in the form of action all that need appear is the existence of the statute, violation of the statute, and injury in the course of employment to one for whose benefit and protection the statute was enacted. (*Karpeles* v. *Heine*, 227 N. Y. 74; *Stern* v. *Great Island Corporation*, 250 App. Div. 115; *Robinson* v. *State*, 242 id. 94; *Griebsch* v. *Babbitt, Inc.*, 164 Misc. 7.)

An award should be made the claimant.

BARRETT, J., concurs.