JACOB TELLER, Plaintiff, *v.* PROSPECT HEIGHTS HOSPITAL, Defendant.

Supreme Court, Special Term, Kings County, July 6, 1938.

*Cohen & Fuchsberg*, for the plaintiff.

*James E. Turner*, for the defendant.

NOVA, J. This is a motion to strike out two affirmative defenses in defendant's answer numbered " second " and " third," respectively, pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, upon the ground that they are insufficient in law.

This action is one to recover for personal injuries sustained by plaintiff, a window cleaner, as a result of the defendant failing to provide safety devices required by section 202, as amended, of the Labor Law, and specified by the Rules of the Industrial Board pursuant to such statute. Section 202, as amended, reads as follows: "Protection of persons engaged at window cleaning. On every public building where the windows are cleaned from the outside, the owner, lessee, agent, manager or superintendent in charge of such building shall provide, equip and maintain approved safety devices on all windows of such building. *The owner, lessee, agent, manager or superintendent in charge of any such public building shall not require, permit, suffer or allow any window in such building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner in conformity with the requirements of this chapter and the rules of the Industrial Board.*"

The action is based solely on the violation of the statute and substantially the defense numbered " second " consists of an allegation to the effect that plaintiff assumed the risks of his employment and defense numbered " third " that plaintiff was the employee of an independent contractor, and, therefore, not under the direction, jurisdiction and control of the defendant herein. These defenses, in my opinion, should be stricken out. The defenses of assumption of risk, contributory negligence, and that the defendant was an employee of an independent contractor and hence not under the direction, jurisdiction and control of the defendant, are not available to the defendant inasmuch as for success in the form of action herein all that need appear is the existence of the statute, violation of the statute, and injury in the course of employment to one for whose benefit and protection the statute was enacted. (See *Karpeles* v. *Heine*, 227 N. Y. 74; *Stern* v. *Great Island Corp.*, 250 App. Div. 115; *Griebsch* v. *Babbitt, Inc.*, 164 Misc. 7; *Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287; *Novitz* v. *Maine*, 246 App. Div. 774.)

The motion should be granted.