MIRIAM MEIERDIERCKS, as Administratrix of the Estate of GEORGE MEIERDIERCKS, Deceased, Plaintiff, *v.* HARRY BLAUNER et al., Defendants, and JACK SCHOENBAUM, Doing Business under the name of FLATIRON WINDOW CLEANING COMPANY, Impleaded Defendant.

Supreme Court, Special Term, New York County, April 27, 1943.

*William J. Brennan* for plaintiff.

*Monroe L. Friedman* for Harry Blauner, defendant.

McLaughlin, J. Plaintiff moves to strike out, pursuant to rule 109 of the Rules of Civil Practice, the allegations contained in paragraph ninth of the answer, which allege the defense of contributory negligence.

This is a death action and the complaint alleges that the decedent received the injuries from which he died as a result of the defendants' failure to comply with section 202 of the Labor Law and the Rules of the New York State Board of Standards and Appeals, defining and describing and specifying the safety devices required to be provided by the defendants in connection with the cleaning of windows. At the time of the accident the decedent was engaged in cleaning the outside of a window in an apartment occupied by defendant Blauner in premises known as 25 West 81st Street, New York City, operated and controlled by the defendant Pink as Liquidator of the New York Title and Mortgage Company.

The basis of this motion is that, there being a violation of a State statute, it is not a cause of action for negligence because the failure to provide safety devices in violation of a statute proves the cause of action itself, provided it is the proximate cause. Such a rule is not applicable here because this complaint not only charges a violation of a statute, but also of the Rules of the New York Board of Standards and Appeals. Failure to comply with the rules of the latter body is not the basis of an action by itself, but merely some evidence of negligence.

A complaint containing the same allegation was before the Court of Appeals in *Teller* v. *Prospect Heights Hospital* (280 N. Y. 456). The language used by the court at page 459 shows that under these allegations the action is one not based upon the statute: " We think the complaint cannot be so construed as to permit the cause of action to depend upon the statute alone."

In the present complaint there are allegations setting forth the specific violations of the Rules of the New York State Board of Standards and Appeals. This is all in addition to the charge that the statute itself was violated. Where these two grounds for recovery are set forth in a complaint, the presence of a defense of contributory negligence in an answer is proper. It is only where the recovery is sought to be based solely upon the statute that contributory negligence does not constitute a defense and the allegation thereof would be improper. As was said in *Teller* v. *Prospect Heights Hospital* (*supra*): " Recovery must be based alone upon an actionable wrong whether the violation of the statute is alleged or the violation of a rule or regulation of the Industrial Board is asserted and

the cause of action is grounded in negligence (*Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N. Y. 287). There is no allegation of negligence in the complaint. Had the cause of action been based on negligence, violation of a statute might constitute negligence as a matter of law. (*Amberg* v. *Kinley*, 214 N. Y. 531, 535; *Martin* v. *Herzog*, 228 N. Y. 164; *Schmidt* v. *Merchants Despatch Transportation Co.*, *supra*.) Violation of a rule of the Industrial Board, however, constitutes merely some evidence which the jury may consider on the question of defendant's negligence, along with other evidence in the case which bears on that subject (*Schumer* v. *Caplin*, 241 N. Y. 346; *Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345, 349).''

The moving party relies upon the case of *Lowenhar* v. *Commercial Outfitting Co.* (260 App. Div. 211, affd. 285 N. Y. 671). It is true that in this case the Appellate Division stated that the sole question as to the liability of the tenant was based upon the statute. The only thing for the jury to determine was whether or not the negligence of the defendant was the proximate cause of the happening of the accident. The Court of Appeals in its memorandum, however, distinctly said that this was not an action based upon a statute, but one of common-law negligence because it affirmed the judgment against the tenant by ordering judgment absolute '' on the ground that, as against this defendant, plaintiff made out a *prima facie* case of common law negligence.'' Apparently, the basis for that statement was the fact that the complaint in the *Lowenhar* action, as in this case, charged both a violation of the statute and of the Rules of the New York State Board of Standards and Appeals.

Under the circumstances, the plea of contributory negligence as a defense should remain. Motion is in all respects denied.