COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* EMPIRE TRUST COMPANY, as Trustee, et al., Defendants.*

Supreme Court, Special Term, New York County, May 14, 1945.

*Harry Schechter, William H. Stieglitz* and *Bernard Katzen* for plaintiffs.

*Albert R. Eberlein* for Empire Trust Company, as trustee, and another, defendants.

*E. C. Sherwood* for Air Utilities Corporation, defendant.

MILLER, J. Motion under subdivision 6 of rule 109 of the Rules of Civil Practice to strike out the defense of the Statute of Limitations.

Plaintiffs are insurance carriers under the Workmen's Compensation Law of an employer whose employee died about April 19, 1941, as the result of the defendants' alleged negligence. On April 28, 1944, the Industrial Commissioner, acting under subdivisions 8 and 9 of section 15 and the provisions of section 25-a of the Workmen's Compensation Law, made an

* Cf. *Employers Mut. L. Ins. Co.* v. *Refined Syrups S. Corp.*, 184 Misc. 941, with respect to payments other than those under Workmen's Compensation Law, § 15, subds. 8, 9, and § 25-a.— [REP.

award requiring the plaintiffs to pay to his order the aggregate sums of $2,000. Plaintiffs, following their payment of such amount, seek in accordance with subdivisions 5 and 6 of section 29 of the Workmen's Compensation Law, to recover the said $2,000 from the defendants on the ground that they negligently caused the employee's death. As a bar to the action, defendants plead the two-year Statute of Limitations applicable to actions for wrongful death. (Decedent Estate Law, § 130.)

Subdivision 5 of section 29 of the Workmen's Compensation Law (as amd. by L. 1939, ch. 98) and subdivision 6 of section 29 (as amd. by L. 1937, ch. 87), so far as relevant, provide that in case of the payment of an award made under subdivisions 8 and 9 of section 15 and subdivision 3 of section 25-a*, " * * * such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment * * * which shall be in addition to any cause of action by the legal representatives of the deceased."

The cause of action created by section 29 of the Workmen's Compensation Law is not one to recover damages for wrongful death, but is, instead, an action to recover a penalty. (*Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.*, 251 N. Y. 127, affd. 281 U. S. 98; *Liberty Mutual Ins. Co.* v. *Colon & Co.*, 260 N. Y. 305.)

In *U. S. Fidelity & G. Co.* v. *Graham & Norton Co.* (254 N. Y. 50, 54) the Court of Appeals construed *Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.* (*supra*) as holding " * * * that the cause of action conferred on the insurance carrier by section 29 after payment into the State Treasury, was no part of the cause of action vested in the personal representatives of the deceased to recover damages for death by negligence for the benefit of enumerated beneficiaries, *but was an independent cause of action based on the payment of a penalty for the benefit of injured workmen generally, imposed by the Workmen's Compensation Law * * *.*" (Italics added.) The two-year Statute of Limitations governing actions for wrongful death (Decedent Estate Law, § 130) is therefore inapplicable and the three-year Statute. (Civ. Prac. Act, § 49, subd. 3) covering actions instituted to recover penalties applies.

The motion to strike out the defense for insufficiency is granted.

---

* Awards, in death cases where there are no persons entitled to compensation, directing payments into the fund for additional compensation for permanent total disability after permanent partial disability, the vocational rehabilitation fund or the fund for reopened cases.— [REP.