COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* NATIONAL CITY BANK OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, January 22, 1946.

*Harry Schechter, William H. Stieglitz* and *Bernard Katzen* for plaintiffs.

*Constantine Regusis* and *William E. Lowther* for defendant.

VALENTE, J. Plaintiff insurance carrier in this action seeks reimbursement from defendant third party (Workmen's Compensation Law, § 29, subd. 5) of an award (Workmen's Compensation Law, § 15, subds. 8, 9) arising from the death of one Max Schulman, a window cleaner, in the course of his employment. The complaint alleges that Schulman came to his death by reason of defendant's negligent violation of the statute (Labor Law, § 202) regarding maintenance of proper window-anchor bolts.

This motion is to strike five affirmative defenses in the answer, of which only the first three, viz., contributory negligence, assumption of risk and Statute of Limitations, are sought to be sustained.

The first two such defenses clearly would be insufficient and irrelevant if the complaint were based only on violation of the statute (Labor Law, § 202) and did not allege common-law negligence as well (*Meierdiercks* v. *Blauner*, 181 Misc 152; cf. *Teller* v. *Prospect Heights Hospital*, 168 Misc. 907, affd. 255 App. Div. 488, revd. 280 N. Y. 456). This pleading alleges both the statutory violation and negligence; this is not mere surplusage for otherwise no cause of action would be stated (*Teller* v. *Prospect Heights Hospital*, 280 N. Y. 456, *supra*). Accordingly these defenses are sufficient (*Meierdiercks* v. *Blauner, supra*).

The action is not for wrongful death but to enforce a penalty (*Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 251 N. Y. 127; *Commissioners of State Ins. Fund* v. *Empire Trust Co.,* 184 Misc. 947) as to which the three-year Statute of Limitations applies (Civ. Prac. Act, § 49, subd. 3). The question of limitation raised by the third defense is whether this period is measured by the date of the window cleaner's death, December 17, 1938, or the date of the award herein, May 25, 1945. The statute in question (Workmen's Compensation Law, § 29, subd. 5) provides that in case of payment of an award '' in accordance with subdivisions eight and nine of section fifteen *such payment shall operate* to give to the employer or insurance carrier liable for the award a cause of action \* \* \* '' (italics supplied) for such payment and other expenses against the third party in addition to any cause by the legal representatives of the deceased. This then is the vesting by the Legislature of a new cause of action arising on the *payment* of the award and is not derivative, by subrogation or assignment, of rights arising at the time of Schulman's death (*Exchange M. I. Ins. Co.* v. *C. H. Gas & El. Co.,* 243 N. Y. 75). As the operative date is thus May 25, 1945, it follows that the defense of limitation is insufficient and is stricken. Accordingly, the motion is granted as to the third, fourth and fifth defenses, and otherwise denied. Settle order.