COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiff, v. H. L. & F. McBRIDE, INC., Defendant.

Supreme Court, Special Term, New York County, June 23, 1949.

*Leo M. Brimmer* and *Richard Formidoni* for defendant.

*Bernard Katzen* and *Harry Schechter* for plaintiff.

McNALLY, J. Motion under rule 107 of the Rules of Civil Practice to dismiss the complaint for lack of jurisdiction of the person of the defendant and on the ground that the cause of action did not accrue within the time limited by law and in the alternative for an order pursuant to rule 103 striking out certain portions of the complaint as irrelevant and prejudicial.

The action is grounded upon subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, and subdivision 3 of section 25-a of the Workmen's Compensation Law.

Subdivision 8 of section 15 requires an employer or his insurance carrier to pay into a special fund the sum of $500 in every case of injury causing death in which there are no persons

entitled to compensation under the provisions of the Workmen's Compensation Law. In such event, by subdivision 9 of section 15, there is payable an additional sum of $500. Subdivision 3 of section 25-a of said law requires such an employer or his insurance carrier to pay into a special fund the sum of $300 in the circumstances therein set out.

The defendant was organized on or about November 23, 1932. It filed a certificate of dissolution on March 25, 1936. On February 7, 1934, the plaintiff was the insurer in respect of a compensation policy issued to the Town of Hamptonburg which then had in its employ one Earl Rose. On said date Rose was injured in an accident resulting from the operation of a motor vehicle owned by the defendant and died as a result of said accident.

On March 19, 1946, about twelve years after the accident and ten years after the dissolution of defendant, the Workmen's Compensation Board made an award against the plaintiff herein by force of the sections of said law above set out. The plaintiff paid the award on April 9, 1946. The instant action was brought pursuant to subdivision 5 of section 29 of the Workmen's Compensation Law.

The defendant contends that this action does not lie because it did not accrue prior to the dissolution of defendant. Section 29 of the General Corporation Law provides in part: "Upon the dissolution of a corporation for any cause and whether voluntary or involuntary its corporate existence shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations * * * and it may sue or be sued in its corporate name."

It would appear that section 29 is to be construed liberally with a view of bringing within its ambit all liabilities whether grounded in contract or in tort (*City of New York* v. *New York & South Brooklyn Ferry & Steam Transp. Co.*, 231 N. Y. 18, 22–23). There is nothing in the legislative history of section 29 indicating an intention to exclude therefrom contingent liabilities. A contingent liability is one which has not accrued but may accrue on the happening of some future event (*Matter of People* [*Lexington Sur. & Ind. Co.*], 272 N. Y. 210, 214; 17 C. J. S., p. 184). Plaintiff's liability under section 15 of the Workmen's Compensation Law was contingent on the occurrence of the events coming within the category specified in subdivisions 8 and 9. Although contingent the liability arose from the accident which occurred prior to the dissolution of the defendant and therefore such liability was one within the meaning of " existing liabilities " therein specified.

The same, however, cannot be held in respect of the liability predicated upon section 25-a, because there was no right of action afforded in respect of such payments until 1937, which was some time after the dissolution of the defendant (*Commissioners of State Ins. Fund* v. *H. W. E. Realty Co.*, 297 N. Y. 635, affg. 271 App. Div. 1002, affg. 188 Misc. 111). In the absence of a right of action it cannot be said that a liability is contingent.

The defendant also contends that the prosecution of the action is barred by the applicable Statute of Limitations. It has been held that the action here involved is one for the recovery of a penalty, which involves the three-year statute (*Commissioners of State Ins. Fund* v. *Empire Trust Co.*, 184 Misc. 947; *Commissioners of State Ins. Fund* v. *National City Bank of N. Y.*, 187' Misc. 82; Civ. Prac. Act, § 49, subd. 3). Subdivision 5 of section 29 of the Workmen's Compensation Law provides that a cause of action accrues upon payment of the award made by the Workmen's Compensation Board; since this action was commenced within three years after such payment, it is timely.

The defendant moves alternatively to strike certain portions of the complaint as irrelevant and prejudicial. Paragraph 14 thereof alleges in part " that the representatives and dependents of the said Earl Rose settled their cause of action against defendants * * * for the sum of $6500." and paragraph 15 alleges in part "A third party action for the death of Earl Rose was settled by the defendant herein." In an action of this character a defendant may defend on any ground which might have been urged in the proceeding before the Workmen's Compensation Board and in addition may contest negligence (*Phoenix Ind. Co.* v. *Staten Is. R. T. Ry. Co.*, 251 N. Y. 127, 138–139, affd. *sub. nom. Staten Is. R. T. Ry. Co.* v. *Phoenix Ind. Co.*, 281 U. S. 98). At this time, however, it is unnecessary and conceivably may be prejudicial to allege the matter above set forth, although it may be proper to so plead if the defendant should assert defenses involving the facts so alleged.

Accordingly, the motion to dismiss is granted insofar as the cause of action is predicated upon section 25-a of the Workmen's Compensation Law, and the motion to strike is granted and the motion otherwise is denied. An amended complaint in conformity herewith may be served within twenty days after the service of a copy of this order.