LAURA LONG, as Limited Administratrix of the Estate of WILLIAM LONG, Deceased, Respondent, v MURNANE ASSOCIATES, INC., et al., Defendants and Third-Party Plaintiffs-Appellants, and KENNETH STAY et al., Doing Business as THEODORE STAY & SONS, Third-Party Defendants-Appellants.

Third Department, May 17, 1979

APPEARANCES OF COUNSEL

*Lewis, Bell & Niles (John L. Bell* of counsel), for Murnane Associates, Inc., defendant and third-party plaintiff-appellant.

*Fitzpatrick, Bennett, Trombley & Lennon (Edward J. Trombley* of counsel), for the Trustees of Paul Smith's College, defendants and third-party plaintiffs-appellants.

*Fischer & Hughes* for third-party defendants-appellants.

*O'Connell & Wolfe (J. Byron O'Connell* of counsel), for respondent.

## OPINION OF THE COURT

HERLIHY, J.

The instant wrongful death action arises from the accidental death of plaintiff's decedent, William C. Long, who, on June 20, 1975, fell from the scaffold on which he was working, receiving fatal injuries in the fall. At the time of the accident, Mr. Long, age 39, was employed as a high painter by the third-party defendants Kenneth Stay and Donald Stay, doing business as Theodore Stay & Sons (Stay).

On or before July, 1974, the defendant and third-party plaintiff Paul Smith's College (College) retained the defendant and third-party plaintiff Murnane Associates, Inc. (Murnane) to erect a gymnasium upon the College's main campus in the Town of Brighton, Franklin County.

On September 3, 1974, Murnane entered into a written subcontract agreement with Stay, whereby Stay was to "furnish and install FOB job site, acoustical, dry wall, aluminum entrances, glass windows and painting".

At the time of the accident, the plaintiff's decedent Long had been or was painting from a scaffold. This task was apparently a familiar one to the decedent as the testimony of Long's coemployee at an examination before trial refers to Long as a sprayman, a high man, who did a lot of aerial work, who was good in the air and had 25 years or so experience. The scaffold here in question had been leased from Murnane by Stay and had been erected by the plaintiff's decedent alone or by the plaintiff's decedent and a coemployee. The evidence is that the plaintiff's decedent erected the scaffold so that the horizontal rails were placed outside their vertical supports, rather than inside.

There is also evidence that on June 17 or 18, 1975, Mur-

nane's project supervisor, Tom Murnane, observed that the horizontal rails were outside their vertical supports, that one end had become disengaged and that Murnane's project supervisor ordered the plaintiff's decedent to correct this, but that the plaintiff's decedent left the horizontal rail outside the vertical support and merely struck the horizontal rail with his hand to force the nails back into their holes.

The plaintiff, in her amended complaint against Murnane and the College, alleges that on June 20, 1975 the plaintiff's decedent fell from the scaffold and sustained injuries that resulted in his death. The sole charge in the complaint is that Murnane and the College failed to comply with subdivision 1 of section 240 of the Labor Law.

Murnane and the College have brought third-party actions against Stay seeking indemnification and/or contribution. Stay moved for permission to amend its answers to the third-party complaints so as to allege as a defense in the primary actions the contributory negligence of the plaintiff's decedent and the assumption of risk. Special Term has denied the third-party defendants' motion and has granted the plaintiff summary judgment in the primary action against Murnane and the College on the issue of liability.

█ The plaintiff seeks to recover damages upon the ground that the defendants failed to comply with the requirements of section 240 of the Labor Law as to certain scaffolding upon which her decedent was working when he fell to his death. The contention of the appellant Murnane is that there were factual issues as to the happening of the accident requiring a trial. However, the record clearly demonstrates that all parties agree that the sole factual issue allegedly triggering liability was that the horizontal bars of the scaffold were outside the vertical supports. This agreed upon fact is enough to invoke absolute liability pursuant to section 240 and Special Term cannot be faulted for foreclosing receipt of further factual issues.

The appellants' contention that the doctrines of assumption of risk and contributory negligence are available as a defense against liability posited upon an absolute statutory duty was long ago rejected in this department in the case of *Griebsch v Babbitt, Inc.* (164 Misc 7, 9, affd 254 App Div 601).

It has long been established that contributory negligence is not a defense where there is an absolute statutory duty under

the Labor Law *(Koenig v Patrick Constr. Corp.,* 298 NY 313, 318).

While the law has substantially changed since the *Griebsch* decision of 1938 and while it is alleged that availability of an assumption of risk defense in an action under section 240 of the Labor Law is apparently a matter of first impression, we would buttress our decision by noting an observation of an outstanding authority on tort litigation: "There have been certain statutes, however, which clearly are intended to protect the plaintiff against his own inability to protect himself, *including his own lack of judgment* or inability to resist various pressures. Such, for example, are * * * various safety statutes for the benefit of employees, as to which the courts have recognized the economic inequality in bargaining power which has induced the passage of the legislation. *Since the fundamental purpose of such statutes would be defeated if the plaintiff were permitted to assume the risk, it is generally held that he cannot do so, either expressly or by implication."* (Prosser, Torts [4th ed], p 453; emphasis added.)

■ If there be need for it, we now hold that the doctrine of assumption of risk, like contributory negligence, is no defense in an action brought pursuant to section 240 of the Labor Law.

The order should be affirmed, with one bill of costs to plaintiff jointly against the appellants.

MAHONEY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Order affirmed, with one bill of costs to plaintiff jointly against the appellants.