■ BERTHA L. HUNTER, as Administratrix of the Estate of JAMES HUNTER, Deceased, Respondent, v. 1001 TENANTS CORPORATION et al., Appellants.— In an action to recover damages for the wrongful death of plaintiff's intestate, a window cleaner, who, in the course of his employment, fell from the outside of a window of the individual defendants' apartment, the defendants appeal as

follows: (1) the two corporate defendants appeal from an order of the Supreme Court, Kings County, dated December 1, 1958, which granted plaintiff's motion under subdivision 6 of rule 109 of the Rules of Civil Practice to strike out for insufficiency the affirmative defense of contributory negligence alleged in said defendants' answer; and (2) all the four defendants appeal from an order of the same court, dated February 8, 1960, which denied their motions under subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. Order dated February 8, 1960, denying defendants' motions to dismiss the complaint reversed, with $10 costs and disbursements to the two corporate defendants and $10 costs and disbursements to the two individual defendants, and motions granted, with leave to plaintiff to serve an amended complaint, if she is so advised, within 20 days after entry of the order hereon or upon such other date as may be mutually fixed by the parties. The sole allegation of the complaint purporting to plead defendants' negligence or the violation of a duty owed the intestate by the defendants, is that his death "was caused solely through the negligence of each and/or all of the defendants, their servants, agents and/or employees in failing to comply and conform with the requirements of, and in violating, Section 202 of the Labor Law of the State of New York." In our opinion that allegation is purely conclusory, and the complaint fails to plead any *facts* showing negligence on the part of the defendants or the violation by them of any statutory duty under section 202 of the Labor Law (cf. *Smith* v. *Lockwood,* 13 Barb. 209, 216; *Bartlett* v. *Crozier,* 17 Johns. 439, 456; *Austin* v. *Goodrich,* 49 N. Y. 266, 267–268). The question of the sufficiency of the complaint was neither presented nor decided by this court on a prior appeal (*Hunter* v. *1001 Tenants Corp.,* 9 A D 2d 770) which involved only the propriety of certain items in an examination before trial (cf. *First Nat. Bank of Hempstead* v. *Level Club,* 254 App. Div. 255, affd. 282 N. Y. 577). In view of the foregoing determination, appeal from order dated December 1, 1958, granting plaintiff's motion to strike out the defense of contributory negligence, dismissed, without costs, as academic. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur. [16 Misc 2d 582.]